HUTCH HOLSAPPLE, by his Father and Next Friend, Steve Holsapple, Plaintiff-Appellant, v. CASEY COMMUNITY UNIT SCHOOL DISTRICT C-1, Defendant-Appellee (Matt McGiles, Defendant).

Fourth District    No. 4—87—0071

Opinion filed June 24, 1987.

John P. Ewart and Scott R. Landa, both of Craig & Craig, of Mattoon, for appellant.

Randolph M. Rich, of Meehling, Rich & Bernardoni, of Marshall, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On March 6, 1986, Steve Holsapple filed a complaint in the circuit court of Clark County on behalf of his minor son, plaintiff Hutch Holsapple, against defendants Casey Community Unit School District C-1 (school) and Matt McGiles. Plaintiff appeals the dismissal of amended counts II and III, both directed against the defendant school, alleging that plaintiff was physically injured as a result of defendant's breach of duties owed to plaintiff. Plaintiff confessed defendant's motion to dismiss count I, directed against the school, and it was dismissed. The court made a finding pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)). Count IV against defendant

McGiles is not involved in this appeal. We affirm.

■■■ In order to impose tort liability against a school district for the conduct of educators in regard to the discipline and conduct of the schools, a plaintiff must allege and prove wilful and wanton misconduct. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 173, 347 N.E.2d 705, 709; Ill. Rev. Stat. 1985, ch. 122, par. 24— 24.) The supreme court has defined wilful and wanton conduct to be either an intentional injury or an act "committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary.care to prevent it." *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300.

Amended count II purported to charge wilful and wanton misconduct. It alleged that on April 19, 1985: (1) plaintiff was in the school's locker room for a school-sponsored athletic event; (2) plaintiff was provoked and antagonized by another student, defendant Matt McGiles, into pursuing McGiles; (3) McGiles closed a door on plaintiff's hand resulting in the traumatic amputation of part of the small finger on that hand; (4) prior to that date, "there had been other disputations and altercations between students who were in said locker room and using same in conjunction with physical education or athletic events"; (5) on that date, the defendant school knew or should have known that disputations and altercations "could occur" and "could result" in injuries; and (6) the defendant school had a duty to be free of wilful and wanton conduct toward plaintiff and breached that duty by failing to provide supervision for the locker room area.

■ Allegations of a failure to supervise student activities are not sufficient to state a cause of action for wilful and wanton misconduct. In *Pomrehn v. Crete-Monee High School District* (1981), 101 Ill. App. 3d 331, 427 N.E.2d 1387, the plaintiff, a member of a school softball team injured prior to a practice, was held to have failed as a matter of law to have proved the district liable for wilful and wanton misconduct when it prevented the coach from being present during a prepractice period when the players ordinarily arrived at the practice field. The evidence indicated that the plaintiff was injured in such a prepractice period when she fell from the roof of an automobile which had been driven on the practice field. Citing *Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, 283 N.E.2d 899, the court noted that any gathering of teenagers produced a certain risk of injury but that did not create the high likelihood of injury occurring such as would make the failure to provide supervision wilful and wanton. Rather, the court concluded, a showing of actual or constructive

notice of a high probability of serious harm occurring was necessary.

In *Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, 283 N.E.2d 899, the plaintiff alleged that a school district was negligent in permitting the students to leave the school premises without adequate supervision. The court found no duty had been breached and stated that the duty sought to be imposed on the district was a heavy one. The court said "[a] teacher cannot be required to watch the students at all times while in school, on the grounds, or engaged in school-related activity." 5 Ill. App. 3d 699, 702, 283 N.E.2d 899, 902.

■ Here, the allegations in count II were conclusory and failed to establish a duty of supervision by defendant. Although plaintiff alleged that, prior to the date of his injury, there had been other disputes in the locker room, he did not allege that there had been any previous injuries or threats of injury, and there was no allegation that defendant knew or should have known of previous incidents. Plaintiff's conclusion that defendant "should have known" that such incidents "could occur" and "could result in injuries" could be said about any place where athletes gather. The circuit court properly dismissed count II.

■ Count III alleged the defendant school breached its duty of ordinary care owed to plaintiff by negligently permitting a door to exist without a spring-loaded or pneumatic device designed to retard the closing of the door and that defendant knew or should have known of the defective condition of the door. Count III is couched in the terms of a duty under section 3—102 of the Local Governmental and Governmental Employees Tort Immunity Act. That section provides:

> "(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in sufficient time prior to an injury to have taken measures to remedy or protect against such condition." Ill. Rev. Stat. 1985, ch. 85, par. 3—102.

Notably, under the foregoing legislation, the duty imposed upon the local public entity, here the school, is to "use reasonable care to maintain its property in a reasonably safe condition for use" by persons who are "in the exercise of ordinary care." Here, there was no

allegation that the door was of a condition that was not safe for careful use or that the injury resulted from a careful use. Thus, the allegation was insufficient to bring the allegation of the count within the requirements of the statute.

Moreover, the allegations here do not meet the requirements of the case of *Hansen v. Henrici's, Inc.* (1943), 319 Ill. App. 458, 49 N.E.2d 737, cited by plaintiff, where the plaintiff was injured when a young man speedily pushed a revolving door. The cause of injury was alleged to be a defective flange which, if not defective, would have retarded the speed of revolution. There, the defendant's negligent failure to remedy the defect was correctly held to be actionable. Here, there were no allegations that the door was inherently defective or dangerous. It was not a swinging or a revolving door, and there were no glass panes in it. It operated as it was designed to operate, and defendant had no duty to install a different kind of door.

The circuit court's dismissal of count III was also correct.

■ Plaintiff notes that pleadings are to be liberally construed (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1008) and points out that section 2—612(b) of the Civil Practice Law provides that a pleading is sufficient if it sets forth information reasonably informing "the opposite party of the nature of the claim or defense" he is called upon to meet. (Ill. Rev. Stat. 1985, ch. 110, par. 2—612(b).) He further relies on the statement in *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 305, 312 N.E.2d 259, 262, that "a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover." However, the foregoing must be considered in light of the recent statement of the supreme court that "[f]act pleading, as opposed to notice pleading, is required in Illinois" and that facts must be alleged in order to bring a "claim within the scope of a legally recognized cause of action." *Teter v. Clemens* (1986), 112 Ill. 2d 252, 256, 492 N.E.2d 1340, 1342.

For the reasons stated, the decision of the trial court is affirmed.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.