GARY D. PREST, a Minor by his Father and Next Friend, Jerome W. Prest, *et al.*, Plaintiffs-Petitioners, v. SPARTA COMMUNITY UNIT SCHOOL DISTRICT NO. 140, Defendant-Respondent.

Fifth District   No. 5—86—0394

Opinion filed July 1, 1987.—Rehearing denied July 22, 1987.

KARNS, P.J., dissenting.

Brad L. Badgley and C.E. Heiligenstein, both of Heiligenstein & Badgley, P.C., of Belleville, for appellants.

Dennis E. Rose, of Donovan, Hatch & Constance, P.C., of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs, Gary D. Prest, a minor, and Jerome W. Prest, his father, appeal from an order dismissing counts I and II of plaintiffs' complaint against defendant, Sparta Community Unit School District No. 140, a municipal corporation. This appeal is taken pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308).

It is alleged in counts I and II of the complaint filed herein on February 13, 1986, that plaintiff Gary D. Prest sustained injuries to

his person on or about September 10, 1985, when he fell in "the boy's gym, against an unprotected concrete riser," and that defendant was negligent in that it:

"(a) Placed and maintained an unprotected concrete riser located in the front row of the bleachers of the boy's gymnasium, which was in close proximity to gym participants.

(b) Failed to pad, foam, or otherwise protect a concrete riser located in the front row of the bleachers."

The defendant filed a motion to dismiss stating that to be liable to a student on the facts alleged, "the standard of care that must be reached [*sic*] is wilful and wanton." The trial court dismissed counts I and II of the complaint and pursuant to Supreme Court Rule 308 made a finding that the order involved "a question of law as to whether Illinois Revised Statutes, Chapter 122, Section 24—24 is applicable to the facts alleged in plaintiff's complaint." We find that it is not, and reverse and remand for the reasons that follow.

■■ Section 24—24 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—24) provides in pertinent part:

"Maintenance of discipline. Teachers and other certified educational employees shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians."

This statutory language does not limit the liability of a teacher to only disciplinary situations, but also to activities directed by a teacher as part of a school program. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 172, 347 N.E.2d 705, 708.) It is clear that the legislature sought to vest teachers with parental status in all matters relating to discipline in and conduct of the schools and school children. The doctrine of "parental immunity" being applicable in such case, it is necessary for the plaintiff to plead and prove defendant's wilful and wanton misconduct. (63 Ill. 2d 165, 173, 347 N.E.2d 705, 709.) However, our supreme court in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 51-52, 373 N.E.2d 1323, 1325-26, held that while the *Kobylanski* decision and the appellate court decisions referred to therein were concerned with teachers' supervision, it was not inconsistent with the intended purpose of section 24—24 of the

School Code to hold school districts to the duty of ordinary care in a separate function.

In *Gerrity v. Beatty*, the trial court dismissed count VI of the plaintiff's complaint, which alleged ordinary negligence on the part of the defendant school district in furnishing plaintiff with an ill-fitting and inadequate football helmet. However, the supreme court, in reversing and remanding with directions to reinstate, found that count VI did not allege negligence in matters relating to the teacher's supervision, "but instead alleged negligence in connection with what we consider to be the *separate function* of furnishing equipment which was alleged to be inadequate, ill fitting and defective and which was known, or which in the exercise of ordinary care should have been known, to be liable to cause injury to the plaintiff." (Emphasis added.) (71 Ill. 2d 47, 52, 373 N.E.2d 1323, 1326.) It concluded that the factual allegations of count VI fell outside the scope of section 24—24 of the School Code and that *Kobylanski* was not controlling. The *Gerrity* decision circumscribes the application of the statute.

In the case *sub judice*, counts I and II of plaintiffs' complaint are based on the theory of landowners' premises liability, which quite simply involves an entirely different function than the matters involved in the provisions of section 24—24 of the School Code.

■ We therefore conclude, as the supreme court did in *Gerrity*, that the *Kobylanski* case is not controlling here and that the factual allegations of counts I and II fall outside the scope of section 24—24 of the School Code. Accordingly, the order of the trial court dismissing counts I and II of plaintiffs' complaint is reversed, and this cause is remanded to that court for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

WELCH, J., concurs.

PRESIDING JUSTICE KARNS,[1] dissenting:

As the majority opinion correctly observes, the statutory language of section 24—24 of the School Code has been construed broadly so that a school district is immune from liability for ordinary negligence not only in matters of discipline, but also for negligence

---

[1]Justice Karns replaces Justice Jones, who retired after the cause was taken under advisement.

related to instructional activities which are part of the regular school program. *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 172, 347 N.E.2d 705, 708.

I consider this cause to present a matter never expressly addressed by the Illinois courts, although *Kobylanski* could be considered authority for nonliability as in that case a student was injured in a supervised gymnasium activity when she fell from "rings" onto the gymnasium floor, both the "rings" and the floor being part of the school premises. (See also *Newby v. Lake Zurich Community Unit District 95* (1985), 136 Ill. App. 3d 92, 105-106, 482 N.E.2d 1061, 1071.) The plaintiff here was allegedly injured while engaged in a supervised instructional activity in the gymnasium. I do not believe that this activity, under the control and supervision of a teacher, can be separated from the physical condition of the school building. The complaint alleged that the plaintiff student lost his balance and fell from the gymnasium floor against an unpadded "concrete riser," an adjoining concrete step.

The school district argues that the plaintiff's activity at the time of the injury was being directed by the teacher and under his supervision and that the central question is "why the student fell, rather than on what he fell."

I do not believe that the "furnishing of equipment" exception to school district immunity developed in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323 should be expanded to this situation lest the exceptions destroy the rule of immunity which the General Assembly has stated is the public policy of Illinois. Any activity of a student involving physical movement could result in potential injury from contact with parts of the school premises, as defendant argues, from contact with "edges on desks, protrusions on lockers, breakable glass, hardwood floors" and parts of the premises so numerous as to be limitless. Until now, the defective equipment exception to immunity has been limited to defective personal property furnished in connection with instructional or recreational activities. I do not believe it should be extended without legislative action.