DONALD FLEMING BROCK, JR., *et al.*, Plaintiffs-Appellants, v. ROCK-RIDGE COMMUNITY UNIT DISTRICT NO. 300, COUNTY OF ROCK IS-LAND, *et al.*, Defendants-Appellees (Craig Frederick, Defendant).

Third District   No. 3—88—0281

Opinion filed May 24, 1989.

BARRY, J., specially concurring.

G. Trent Marquis, of Klockau, McCarthy, Ellison & Marquis, P.C., of Rock Island, for appellants.

Robert T. Park, of Rock Island, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

Donald F. Brock III (Donald) sustained injuries while participating in a game of touch football during a supervised physical education class. Donald was injured when a fellow student, who was also participating in the game of touch football, stepped into an uneven portion of the school playing field, lost his balance, and fell into him. Donald, along with his parents, brought suit against the Rockridge Community District and the Rock Island Community Board of Education for the injuries sustained.

The original complaint alleged three specific instances of negligence on the part of the defendants: (1) failure to keep the playing field in a reasonably safe condition; (2) negligently requiring students to use an unreasonably dangerous playing field; and (3) failure to warn of the dangerous contours of the playing field. The original complaint was dismissed by the trial court based on section 24—24 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—24). The trial court, however, granted the plaintiffs leave to amend. The plaintiffs then filed a first amended complaint which reduced the allegations of negligence to a failure to keep the premises in a reasonably safe condition and a failure to warn of the dangerous conditions. The trial court then dismissed with prejudice the first amended complaint for failure to state a cause of action and pursuant to section 24—24 (Ill. Rev. Stat. 1985, ch. 122, par. 24—24). The plaintiffs appeal both the dismissal of the original complaint and the dismissal of the first amended complaint.

On appeal the plaintiffs contend that the original complaint successfully stated a negligence cause of action based on the theory of

defective equipment. We find such theory to be inapplicable to the facts of this case. The plaintiffs further argue that the first amended complaint successfully stated a negligence cause of action under the theory of premises liability. We find that the Illinois Supreme Court's decision in *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, is authority for not applying a premises liability analysis to the facts of this case. Accordingly, we affirm.

■ The Illinois School Code, section 24—24, provides:

"Teachers and other certified educational employees shall maintain discipline in the schools ***. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." (Ill. Rev. Stat. 1985, ch. 122, par. 24—24.)

The supreme court in *Kobylanski* held that this statute conferred immunity on teachers and school districts from negligence in the supervision of all activities connected with school programs. (*Kobylanski*, 63 Ill. 2d at 172.) The *Kobylanski* court went on to find that the statute provides that teachers stand *in loco parentis* to students. (*Kobylanski*, 63 Ill. 2d at 173.) Hence, teachers should not be subjected to any greater liability than parents, who are liable to their children only for wilful and wanton misconduct but not for negligence.

■ The plaintiffs, in their original complaint, attempt to rely on a narrow exception carved out of the teacher immunity rule set forth in *Kobylanski*. The plaintiffs assert that their original complaint sets forth a negligence claim based on the theory of defective equipment in accordance with *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323. In *Gerrity*, the court concluded that the act of furnishing a student a defective football helmet was a function separate and distinct from "the teacher-student relationship in matters relating to the teacher's personal supervision and control of the conduct or physical movement of a student." (*Gerrity*, 71 Ill. 2d at 52.) Thus, the *Gerrity* court determined that the public policy considerations granting teachers broad latitude and supervision did not apply as forcefully to the furnishing of equipment.

The plaintiffs' reliance on *Gerrity* is misplaced. The only cases in which the supreme court has limited the immunity of *Kobylanski* have concerned the furnishing of proper football helmets and face

masks. No cases have concerned allegations of inadequate or unsafe playing fields. In the instant case, it was the physical education teacher's decision to play touch football on the school field. This kind of supervision of classroom activities is not a separate and distinct function from the teacher-student relationship as stated in *Gerrity*. Thus, playing touch football on a school field during physical education class falls under the purview of the immunity granted in section 24—24 of the School Code. Moreover, the plaintiffs' original complaint alleges nothing about defective equipment. Consequently, the *Gerrity* exception does not apply and the trial court correctly dismissed the plaintiffs' original complaint.

The plaintiffs next allege that their first amended complaint stated a negligence cause of action under the theory of premises liability. The plaintiffs rely heavily on the recent case of *Prest v. Sparta Community Unit School District No. 140* (1987), 157 Ill. App. 3d 569, to support its position. In *Prest*, the appellate court reversed the dismissal of a personal injury action against a school district where the plaintiff fell against a concrete riser in the boys' gymnasium. The plaintiff in *Prest* alleged that the defendant was negligent in maintaining the unprotected concrete riser in the front row of the bleachers, near gym participants, and failing to pad or otherwise protect it. The court found that the complaint was based on landowner's premises liability and that the statutory immunity of the School Code did not apply.

The trial court below expressly refused to apply *Prest* to the case at hand. Since the supreme court's decision in *Kobylanski* is authority for nonliability in situations like the instant case, we also decline to follow *Prest*. In *Kobylanski*, a student was injured in a supervised gymnasium activity when she fell while trying to perform an exercise on steel rings. The court found that both the steel rings and the gymnasium floor to which the plaintiff fell were part of the school premises. Nevertheless, the court dismissed the suit because the alleged negligence related to instructional activities which were part of the regular school program. (*Kobylanski*, 63 Ill. 2d at 172.) Thus, the *Kobylanski* court found that section 24—24 of the School Code provided immunity to the school board.

Similarly, in the case at bar, Donald was injured while playing touch football on a school playing field during a supervised physical education class. The factual situations presented by *Kobylanski* and the instant case are indistinguishable. Both activities were being supervised by teachers and both activities were being performed on school premises. Consequently, section 24—24 of the School Code, as

interpreted by the supreme court in *Kobylanski,* provides immunity to the defendants in the instant case. For the reasons stated, we affirm the trial court's dismissal of both the plaintiffs' original complaint and the first amended complaint.

Affirmed.

STOUDER, J., concurs.

JUSTICE BARRY, specially concurring:

I agree that the dismissal orders of the trial court should be affirmed, but I do not agree that *Prest v. Sparta Community Unit School District No. 140* (1987), 157 Ill. App. 3d 569, 510 N.E.2d 595, should be repudiated in the process.

I would hold the decision in *Prest* to be controlling as to whether a cause of action grounded on premises liability should be recognized here. In *Prest,* a student was seriously injured when he fell against a concrete riser adjacent to the gymnasium floor where he was participating in a physical education class. Section 24—24 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—24) grants teachers immunity from liability as to those "matters relating to the discipline in and conduct of the schools and the school children." The court in *Prest* quite properly held that the duty of providing reasonably safe premises for school programs and activities was a separate and different function from the functions concerning discipline, supervision, and instruction where statutory immunity has been held to attach.

Further, the supreme court of Illinois in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, held that section 24—24 is limited to negligence arising out of the teacher-student relationship in matters relating to the teacher's personal supervision and control of students. *Gerrity* involved allegations that defendant had furnished an inadequate, ill-fitting, and defective football helmet to a student who, as a result, suffered a serious injury during a varsity football game. The court ruled that immunity did not attach and stated:

"[P]ublic policy considerations argue rather strongly against any interpretation which would relax a school district's obligation to insure that equipment provided for students in connection with activities of this type is fit for the purpose. To hold school districts to the duty of ordinary care in such matters would not be unduly burdensome, nor does it appear to us to be inconsistent with the intended purposes of sections 24—24

452

and 34—84a of the School Code." (71 Ill. 2d at 52-53, 373 N.E.2d at 1326.) The majority in the case at bar would distinguish the furnishing of sports equipment from the furnishing of sports premises, but like the court in *Prest*, I would not do so.

I also cannot agree that *Kobylanski v. Chicago Board of Education* (1976), 62 Ill. 2d 165, 347 N.E.2d 705, is authority for not recognizing premises liability in the case before us. There were no allegations of unsafe premises or equipment in *Kobylanski*, but rather the cause of action was predicated upon negligent failure to instruct and supervise physical education students in gymnastic exercises to be performed upon the trampoline and rings. Thus, *Kobylanski* involved allegations of negligence arising out the teacher-student relationship, and, as held in *Gerrity*, section 24—24 clearly applies to such situations.

Although I am persuaded that a cause of action for premises liability does exist in school injury cases, I would hold that neither the complaint nor the amended complaint alleged a valid cause of action in this case. The negligence alleged was the failure to keep the field used by physical education classes "in a reasonably safe condition, free from dangerous conditions due to dangerous contours." Such conclusory allegations are insufficient to state a cause of action. Therefore, I agree that this cause should have been dismissed.