SHERI L. RAMOS, Mother and Next Friend of Jennifer Lynn Ramos, a Minor, Plaintiff-Appellant, v. WAUKEGAN COMMUNITY UNIT SCHOOL DISTRICT NO. 60 *et al.*, Defendants-Appellees.

Second District No. 2—89—0173

Opinion filed October 2, 1989.

Bogdan Martinovich and C. Jeffrey Thut, both of Ray & Glick, Ltd., of Libertyville, for appellant.

Karen E. Wilson and Wayne F. Plaza, both of Rooks, Pitts & Poust, of Chicago, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Jennifer Lynn Ramos, by her mother and next friend, Sheri L. Ramos, filed a three-count complaint against defendants, Waukegan Community Unit School District No. 60 (the School District) and Donna Klaetsch, seeking to recover damages for injuries she sustained after tripping on a cracked sidewalk on the School District's property. The trial court dismissed count I of the complaint, directed against the School District, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) on the basis that defendant was immune from liability for ordinary negligence, as alleged therein, under section 24—24 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 24—24) and section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 3—106). The court also dismissed counts II and III of the amended complaint, finding that the facts alleged did not state a claim for willful and wanton misconduct. Plaintiff appeals, and we affirm.

Count I of the amended complaint alleged that defendant Klaetsch was employed as a teacher by the School District on the date of plaintiff's alleged injury; that the School District had a duty to exercise ordinary care in the construction and maintenance of its property; and that plaintiff, a 10-year-old elementary school child, was injured as a direct and proximate cause of the School District's negligence because it:

"a. Constructed a sidewalk on the grounds of the Clearview school which was cracked and uneven and in an unreasonably dangerous condition.

b. Allowed a sidewalk on the grounds of the Clearview school to become cracked and uneven causing an unreasonably dangerous condition.

c. Failed to repair a sidewalk on the grounds of the Clearview school which was cracked and uneven causing an unreasonably dangerous condition;

d. Failed to place warnings or other markings around the sidewalk which would alert Plaintiff and other children to the unreasonably dangerous condition which existed;

e. Failed to warn Plaintiff that the sidewalk on school

grounds was cracked and uneven and in an unreasonably dangerous condition."

The trial judge dismissed count I on finding that the School District was statutorily immune from liability for ordinary negligence.

Count II of plaintiff's amended complaint alleged that plaintiff was under the direct supervision and control of Klaetsch, who was employed as a teacher by the School District at the time of plaintiff's alleged injury; that Klaetsch directed plaintiff to skip rope on a cracked sidewalk maintained by the School District knowing that it was in an unreasonably dangerous condition; that the School District through its employees was guilty of willful and wanton misconduct by requiring and directing plaintiff to skip rope on a cracked and uneven sidewalk knowing that the sidewalk was in an unreasonably dangerous and hazardous condition likely to cause plaintiff injury, and by failing to inspect, repair, or barricade the sidewalk, or warn plaintiff of its dangerous condition knowing that children skipping rope might fall or trip because of the sidewalk's condition; and that a direct and proximate cause of the School District's willful and wanton misconduct, plaintiff tripped and caught her foot on the uneven and cracked sidewalk causing her serious and permanent injuries. Count III of the amended complaint alleged that Klaetsch was guilty of willful and wanton misconduct in substantially the same language as in count II. Defendants moved to dismiss "pursuant to section 2—619 of the Code of Civil Procedure," asserting that plaintiff failed to allege facts showing willful and wanton misconduct. Defendants argued that plaintiff did not allege facts showing that the sidewalk was in an unreasonably dangerous condition or that its condition was likely to cause plaintiff injury. The trial court agreed and dismissed, with prejudice, counts II and III of the amended complaint for failure to state a cause of action.

Initially, we note that defendants have erroneously characterized their motion to dismiss counts II and III of plaintiff's amended complaint as brought pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). The motion should have been brought pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) as it was premised upon a failure to state a cause of action.

Plaintiff contends first that the dismissal of count I was erroneous because the School District is not immune from liability for ordinary negligence under either section 24—24 of the School Code or section 3—106 of the Tort Immunity Act. Section 24—24 of the School Code provides:

"Maintenance of discipline. Teachers and other certificated educational employees shall maintain discipline in the schools ***. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program, including all athletic and extracurricular programs ***." (Ill. Rev. Stat. 1987, ch. 122, par. 24—24.)

As section 24—24 of the School Code confers parental status to teachers in matters relating to the discipline in and conduct of the schools and school children, it has been determined that a plaintiff must plead willful and wanton misconduct to maintain an action against a school or its teachers (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 172-73, 347 N.E.2d 705; *Prest v. Sparta Community Unit School District No. 140* (1987), 157 Ill. App. 3d 569, 570, 510 N.E.2d 595), and plaintiff did not do so in count I of her amended complaint.

Plaintiff contends, relying on *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, that she need only plead and prove that the School District was guilty of ordinary negligence because any negligence on its part did not arise out of a student-teacher relationship but is based upon a theory of landowner's premise liability. Relying on *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, the School District argues that section 24—24 of the School Code provides immunity to school entities for all activities connected with the school program, including improper supervision and failure to supervise, unless willful and wanton misconduct is shown. The School District further argues that the construction and maintenance of the school sidewalk, and failure to warn plaintiff of its condition, are activities so closely connected with the operation of the school program that the two functions cannot be separated.

In *Kobylanski*, the court considered consolidated cases in which the plaintiffs were injured while participating in school gym classes. The plaintiffs sought recovery on the basis that the defendant teachers were negligent in failing to provide proper instruction and supervision during the classes. (*Kobylanski*, 63 Ill. 2d at 168-69.) The court concluded that section 24—24 of the School Code was intended to confer on teachers, and other certificated educational employees, the status of *in loco parentis* in nondisciplinary as well as disciplinary matters and held that the plaintiffs were thus required to prove willful and wanton misconduct. *Kobylanski*, 63 Ill. 2d at 172-73.

In *Gerrity*, the plaintiff alleged ordinary negligence on the part

of the school district in furnishing him with an ill-fitting and inadequate football helmet. (*Gerrity*, 71 Ill. 2d at 49.) The court held that allegation to be sufficient and that section 24—24 of the School Code did not apply as the plaintiff had not alleged negligence arising out of the teacher-student relationship in matters relating to the supervision and control of the plaintiff. Plaintiff "instead alleged negligence in connection with what we consider to be the separate function of furnishing equipment which was alleged to be inadequate, ill fitting and defective." *Gerrity*, 71 Ill. 2d at 52.

■ In the present case, as count I of the amended complaint was based on the theory of landowners' premises liability, which is an entirely different function than the matters involved in the provisions of section 24—24 of the School Code (*Prest v. Sparta Community Unit School District No. 140* (1987), 157 Ill. App. 3d 569, 571, 510 N.E.2d 595), the parental relationship standard will not apply, and allegations of ordinary negligence would be sufficient to state a cause of action.

We note that in *Brock v. Rockridge Community Unit District No. 300* (1989), 183 Ill. App. 3d 447, 539 N.E.2d 445, a different result was reached. In that case, the plaintiff alleged that he was injured during a game of touch football because of the defendant's negligence in failing to keep the school playing field in a reasonably safe condition; requiring the plaintiff to use an unreasonably dangerous playing field; and failing to warn the plaintiff of the dangerous contours of the field. (*Brock*, 183 Ill. App. 3d at 448.) There the Appellate Court for the Third District declined to follow *Prest*, finding that because it was the physical education teacher's decision to play touch football on the school field, the teacher's "supervision of classroom activities is not a separate and distinct function from the teacher-student relationship as stated in *Gerrity*"; accordingly, the court found *Kobylanski* controlling. (*Brock*, 183 Ill. App. 3d at 450.) We decline to follow *Brock* as there is clearly a distinction between a complaint which alleges negligence by a teacher in the supervision of a student and one which alleges negligence of a property owner in the maintenance of its property. (See *Brock*, 183 Ill. App. 3d at 452 (Barry, J., specially concurring) (*Kobylanski* is not controlling where the alleged negligence relates to unsafe premises or equipment); *cf. Bowers v. Du Page County Regional Board of School Trustees District No. 4* (1989), 183 Ill. App. 3d 367, 376, 539 N.E.2d 246 (allegations in a complaint of a direct teacher-student relationship involving the exercise of a teacher's personal supervision of a child performing rope-climbing activities is distinguished from allegations relating to a

school district's negligence in supplying the plaintiff with defective equipment for use in a physical education class).) To hold otherwise would immunize a school from ordinary negligence in the care and maintenance of school property whenever a student is injured while participating in any school program, relief the legislature has not seen fit to offer to a school district.

We find further support for our holding in the established rule that although there may be more than one proximate cause of an injury, one guilty of negligence cannot avoid responsibility merely because another's negligence also contributed to the same injury. (*Sears v. Kois Brothers Equipment, Inc.* (1982), 110 Ill. App. 3d 884, 889, 443 N.E.2d 214; *cf. Davis v. City of Chicago* (1972), 8 Ill. App. 3d 94, 97, 289 N.E.2d 250 (where a slippery condition is combined with a structural defect in a sidewalk, a public entity is liable for injuries which are proximately caused by the defect in the sidewalk).) Thus, even assuming the teacher, Klaetsch, was negligent in her supervision of plaintiff, which was not alleged in count I of the amended complaint, the School District cannot avoid liability under section 24—24 of the School Code for its alleged separate negligence in maintaining its property. The trial court erred in dismissing count I of the complaint on that ground.

■ Plaintiff next contends as to count I that the trial court erred in finding that the School District was immune from liability for ordinary negligence under section 3—106 of the Tort Immunity Act, which provides:

"Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property *intended or permitted to be used for recreational purposes*, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton misconduct proximately causing such injury." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 85, par. 3—106.)

We agree with the trial court that section 3—106 of the Tort Immunity Act immunizes the School District from liability for ordinary negligence under the facts alleged in this case. Plaintiff was here alleged to have been using public property for a recreational purpose with the permission of her school teacher. She argues, however, that section 3—106 of the Tort Immunity Act does not apply because she was injured on the school sidewalk and not in a playground, park, or other area utilized for recreational purposes. We do not agree with

the distinction sought to be made as at the time of plaintiff's alleged injury, the sidewalk was, in fact, being used by her, at the direction of the teacher, for a recreational purpose. We note that the statute specifically states that its application is not limited to injuries occurring in playgrounds and parks.

Plaintiff's reliance on *Larson v. City of Chicago* (1986), 142 Ill. App. 3d 81, 491 N.E.2d 165, is misplaced. In that case, the plaintiff was injured while roller-skating on a public sidewalk in a residential neighborhood in Chicago, Illinois. (*Larson*, 142 Ill. App. 3d at 83.) In finding that section 3—106 did not immunize the municipality from liability, the court considered that the purpose of section 3—106 of the Tort Immunity Act was "to encourage the development and maintenance of parks, playgrounds *** and similar areas. [Citation.] A public sidewalk in a residential neighborhood is not similar to a park or playground which are open areas designated by a governmental entity as being specifically intended for recreational purposes." (*Larson*, 142 Ill. App. 3d at 86-87.) We think that a distinction must be made where a child is injured on a school sidewalk while engaged in a recreational activity at the direction of a school teacher because of the common use of nonplayground school property to conduct such activities. Furthermore, the reviewing court's suggestion in *Larson* that the public property must be specifically intended for recreational purposes is questionable in light of the express language in section 3—106 which immunizes a public entity for injuries which occur because of the existence of a condition on any public property intended or *permitted* to be used for a recreational purpose.

Plaintiff next contends that counts II and III of her amended complaint were improperly dismissed by the trial court because they do sufficiently state a cause of action for willful and wanton misconduct. We do not agree.

> "To sufficiently plead wilful and wanton misconduct, a plaintiff must allege facts demonstrating the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. [Citation.] Fact pleading, as opposed to notice pleading, is required in Illinois; accordingly, a plaintiff must allege facts that are sufficient to bring his claim within the scope of the legally recognized cause of action. [Citation.] Only well-pleaded facts are admitted by a motion to dismiss, and the requirement that a complaint set forth facts necessary for recovery under the theory asserted is not satisfied, in the absence of the necessary allegations, by the general policy favoring the liberal construc-

tion of pleadings." (*Tijerina v. Evans* (1986), 150 Ill. App. 3d 288, 291, 501 N.E.2d 995.)

Willful and wanton misconduct may also be alleged to have occurred intentionally or with a reckless disregard for the safety of others. For example, a failure, after knowing of an impending danger, to exercise ordinary care to prevent an injury or a failure to discover the danger because of recklessness or carelessness when the danger could have been discovered through ordinary care is willful and wanton. *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 469, 415 N.E.2d 1015.

■■ Counts II and III of plaintiff's amended complaint do not state a cause of action for willful and wanton misconduct as they do not contain sufficient factual allegations upon which such misconduct may be based. These counts state that the sidewalk was in an unreasonably dangerous and hazardous condition, but do not contain allegations of fact showing why it was unreasonably dangerous. While the amended complaint alleged that the sidewalk was cracked and uneven, it does not state facts showing why this cracked and uneven sidewalk was unreasonably dangerous or that defendants knew or should have known of its condition. For instance, the sidewalk may have had a hairline crack, which would not be actionable as slight inequalities or other minor defects in a sidewalk are not actionable. (*West v. City of Hoopeston* (1986), 146 Ill. App. 3d 538, 542, 497 N.E.2d 170.) If plaintiff's complaint had alleged, and described, that the sidewalk had a substantial unevenness of its surface, it may have demonstrated that defendants acted intentionally or with a reckless disregard for the safety of others by directing children to play there. *Cf. Majewski v. Chicago Park District* (1988), 177 Ill. App. 3d 337, 341, 532 N.E.2d 409 (failure to plead facts showing why the defendant knew or should have known about broken glass on a football field required dismissal of the complaint as it contained no facts demonstrating a conscious disregard for the safety of others).

Plaintiff relies on *Hadley v. Witt Unit School District 66* (1984), 123 Ill. App. 3d 19, 462 N.E.2d 877, and *Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 520 N.E.2d 62, which we find distinguishable. In *Hadley*, the plaintiff was hammering a piece of scrap metal through a hole in an anvil during an industrial arts class when a metal chip flew into his eye, causing trauma and visual impairment. (*Hadley*, 123 Ill. App. 3d at 20.) The complaint also alleged, however, that plaintiff's instructor was present and observed him hammering the metal, but failed to direct him to wear safety goggles, and the reviewing court held that it stated a claim for willful

and wanton misconduct. (*Hadley*, 123 Ill. App. 3d at 23.) Unlike the facts alleged in this case, the dangers of hammering a piece of scrap metal through a hole in an anvil are obvious. Here, plaintiff did not describe the nature or extent of the crack or unevenness in the sidewalk.

In *Scarano*, the plaintiff alleged that the defendant owned, operated, and maintained a playground containing a slide. The slide was allegedly over six feet high, had no handrail between its parallel steps, had handrails that were worn and smooth, had loose handrails around the platform, had exposed metal and concrete footings, and was situated above a packed dirt and stone surface. The complaint alleged that other children had fallen from the slide on prior occasions due to the defects in it, and that defendant knew of such incidents. (*Scarano*, 166 Ill. App. 3d at 186.) The reviewing court held that the complaint stated a cause of action for willful and wanton misconduct because it alleged that on prior occasions other children had fallen from the slide because of its defective condition and that defendant knew of those incidents but failed to act to remedy the defects. (*Scarano*, 166 Ill. App. 3d at 191.) Here, there are no allegations in the amended complaint that others had been injured because of the sidewalk's allegedly dangerous condition.

Because plaintiff's complaint contains only conclusory allegations that the sidewalk was unreasonably dangerous and that defendants knew of its condition, the trial court's dismissal of counts II and III of the amended complaint was not erroneous.

Accordingly, the judgment of the circuit court dismissing plaintiff's amended complaint is affirmed.

Affirmed.

UNVERZAGT, P.J., and REINHARD, J., concur.