LISA JASTRAM, by her Father and Next Friend, Michael Jastram, Plaintiff-Appellant, v. LAKE VILLA SCHOOL DISTRICT 41, Defendant-Appellee (B.J. Hooper School, Defendant).

Second District   No. 2—89—0126

Opinion filed December 27, 1989.

F. John Cushing, of Ambrose & Cushing, P.C., of Chicago, for appellant.

Leo J. Sullivan, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Lisa Jastram, by her father and next friend, Michael Jastram, appeals from a summary judgment granted in the circuit court of Lake County, in favor of defendant, Lake Villa School District 41, on both counts of plaintiff's complaint. On appeal, plaintiff contends that the trial court erred in entering summary judgment in favor of defendant because defendant is not statutorily immune from tort liability.

The pleadings, motions and depositions filed in this case reveal that plaintiff, a minor, was injured on the school playground when she fell from a set of monkey bars. The accident occurred during recess while the playground was supervised by two adults. Plaintiff sued the school district and B.J. Hooper School; it appears, however, that B.J. Hooper School is merely one of the properties controlled by the school district and is not a legal entity. Count I of plaintiff's complaint alleges that defendant breached its duty to the plaintiff in that it (a) failed to supervise recess activities; (b) provided dangerous climbing apparatus; (c) failed to provide a safe and proper place for recess; (d) dangerously constructed climbing apparatus on a hard surface; and (e) failed to have a responsible adult on the playground. Count II is identical to count I except that plaintiff alleges that defendant's acts and omissions were willful and wanton.

Defendant filed a motion for summary judgment alleging that a school district is liable only for willful and wanton misconduct and that the undisputed facts in this case do not establish willful and wanton misconduct. The trial court granted summary judgment in favor of defendant upon a finding that "the immune provisions of the School Code apply herein." Plaintiff filed this timely appeal.

Plaintiff argues that defendant is not statutorily immune from liability for ordinary negligence under the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 1—1 *et seq.*). The immunity provisions of the School Code referred to by the trial court are found in sections 24—24 and 34—84a of that code. (Ill. Rev. Stat. 1987, ch. 122, pars. 24—24, 34—84a.) Section 24—24 applies to cities with populations of less than 500,000, and section 34—84a applies to cities with populations of more than 500,000. The pertinent parts of the two statutes are identical, and they provide:

> "Teachers and other certificated educational employees shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline

in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program, including all athletic and extracurricular programs, and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." Ill. Rev. Stat. 1987, ch. 122, pars. 24—24, 34—84a.

■■ ■ These statutes confer upon educators the status of parent or guardian to the students. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 170.) A parent is not liable for injuries to his child absent willful and wanton misconduct. (*Kobylanski*, 63 Ill. 2d at 170.) By operation of the statute, therefore, educators are granted immunity from suits for ordinary negligence arising out of "matters relating to the discipline in and conduct of the schools and the school children." *Kobylanski*, 63 Ill. 2d at 173.

In *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, our supreme court determined that School Code immunity applied to allegations of "negligence arising out of the teacher-student relationship in matters relating to the teacher's personal supervision and control of the conduct or physical movement of a student" but not to allegations of negligence in connection with "the separate function of furnishing equipment." (71 Ill. 2d at 52.) The immunity does not apply to allegations of negligence in maintaining the school premises either. (*Ramos v. Waukegan Community Unit School District No. 60* (1989), 188 Ill. App. 3d 1031, 1035.) In this case, paragraphs 5(b), 5(c), and 5(d) of plaintiff's complaint allege that defendant was negligent in providing dangerous climbing apparatus, failing to provide a safe and proper place for recess, and dangerously constructing climbing apparatus on a hard surface. These allegations do not implicate the direct teacher-student relationship; instead, they concern the supplying of equipment and the condition of the premises. We conclude, therefore, that they fall outside the limited protection of the School Code immunity provisions. See also *Bowers v. Du Page County Regional Board of School Trustees District No. 4* (1989), 183 Ill. App. 3d 367 (school board not immune under School Code from negligence in supplying equipment).

Paragraphs 5(a) and 5(e) of the complaint, however, allege that the school district was negligent in failing to supervise and failing to have a responsible adult on the playground. Both sides agree that there were two supervisors on the playground at the time plaintiff was injured and that the supervisors were not "teachers or other

certificated educational employees."

■ The immunity provisions of the School Code specify that "teachers and other certificated educational employees" stand in the relation of parents and guardians to the students. For the immunity to apply, the student-teacher relationship must give rise to the conduct which was the proximate cause of plaintiff's injury. (*Montag v. Board of Education* (1983), 112 Ill. App. 3d 1039, 1044.) By its terms, the statute does not grant immunity to school districts (*Montag*, 112 Ill. App. 3d at 1044); a school district has vicarious immunity, however, if the cause of action is predicated on the negligence of an employee who has the statutory immunity, to wit, a teacher or other certificated educational employee. (See *Edmonson v. Chicago Board of Education* (1978), 62 Ill. App. 3d 211, 213; *LeRose v. City of Zion/Police Department* (N.D. Ill. 1988), 696 F. Supp. 1222, 1229.) In this case, the employees who were in charge of the playground at the time of the accident were not teachers or other certificated educational employees.

■ In *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, our supreme court stated that the immunity provisions of the School Code "reflect a legislative determination that the orderly conduct of the schools and the maintenance of a sound learning atmosphere require that there be a personal relationship between teacher and student in which the teacher has disciplinary and supervisory authority similar to that which exists between parent and child." (71 Ill. 2d at 51.) The immunity conferred by the School Code should not be available to the school district if there is no reason to provide such immunity as a guarantee that the teacher-student relationship will not be jeopardized. (*Griffis v. Board of Education* (1979), 72 Ill. App. 3d 784, 789.) The teacher-student relationship is not directedly implicated in this case, and the school district is not immunized for ordinary negligence arising out of the conduct of a nonimmunized employee.

Defendant has cited several cases in support of its position that school districts are generally held immune from liability for ordinary negligence toward students. However, in most of the cases which defendant cites, the injured student was in class or under the supervision of a *teacher*. (See *Albers v. Community Consolidated No. 204 School* (1987), 155 Ill. App. 3d 1083; *Nielsen v. Community Unit School District No. 3* (1980), 90 Ill. App. 3d 243; *Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381; *Poynter v. Kankakee School District No. 111* (1977), 55 Ill. App. 3d 46; *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437.) Plaintiff also cites *Cipolla v. Bloom Township High School District No. 206* (1979), 69

Ill. App. 3d 434; however, the facts do not clearly establish who, if anyone, was charged with supervising the plaintiff in that case. Inasmuch as the case is unclear on this point, we cannot rely on it.

Defendant relies on the case of *Gammon v. Edwardsville Community Unit School District No. 7* (1980), 82 Ill. App. 3d 586, for the proposition that the negligence of a noncertificated school district employee cannot expose a school district to liability for ordinary negligence. The employee in question in *Gammon* was a guidance counselor, and the case makes no mention of her certification or lack thereof. Although defendant assumes noncertification, inasmuch as the court applied section 24—24 of the School Code in deciding the case, we assume the counselor was certificated; therefore, the case is inapposite.

■ Neither is defendant granted immunity from tort liability by operation of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 1—101 *et seq.*). Section 3—108 of the Tort Immunity Act provides that neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property. (Ill. Rev. Stat. 1987, ch. 85, par. 3—108.) This provision would immunize the school for the negligent conduct of noncertificated employees; however, under another provision of the Tort Immunity Act which was in effect at the time of plaintiff's injury, when a public entity carried liability insurance covering a liability for which the Act had created a defense, the insurance company could not assert the public entity's immunity or other defenses as a means of avoiding payment under its policy. (Ill. Rev. Stat. 1985, ch. 85, par. 9—103(c).) This provision has been amended since the time of plaintiff's injury, and, under current law, insurance companies can claim any defenses or immunities that the public entity could claim under the Tort Immunity Act. (See Ill. Rev. Stat. 1987, ch. 85, par. 9—103(c); *Engel v. Chicago & North Western Transportation Co.* (1989), 186 Ill. App. 3d 522, 534.) However, under the law as it existed when plaintiff was injured, the immunities were effectively waived where the public entity carried liability insurance for the type of risk at issue. (*Antiporek v. Village of Hillside* (1986), 114 Ill. 2d 246, 247.) In this case, plaintiff has alleged that defendant carried liability insurance; defendant has not contested that allegation. Therefore, the immunity provisions of the Tort Immunity Act have been waived here.

We conclude that defendant is not statutorily immunized from liability for ordinary negligence by operation of the School Code or the

Tort Immunity Act, and the trial court erred in entering summary judgment for defendant.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

REINHARD and INGLIS, JJ., concur.