BRUCE SIDWELL, a Minor, by Luanna Sidwell, his Mother and Next Friend, Plaintiff-Appellant, v. GRIGGSVILLE COMMUNITY SCHOOL DISTRICT 4, Defendant-Appellee.

Fourth District   No. 4—90—0404

Opinion filed January 29, 1991.

F. Donald Heck, Jr., of Pollock, Ennis & Heck, of Quincy, for appellant.

Larry D. Kuster and H. Allen Yow, both of Rammelkamp, Bradney, Dahman, Kuster, Keaton & Fritsche, P.C., of Jacksonville, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On May 23, 1989, plaintiff Bruce Sidwell, a minor, by his mother, Luanna Sidwell, brought suit in the circuit court of Pike County against defendant Griggsville Community School District 4 seeking damages in tort for personal injuries. On defendant's motion, that court dismissed an amended complaint in bar of action on May 14, 1990. Plaintiff has appealed. We reverse and remand.

The amended complaint alleged that on August 30, 1988, while a

student in a physical education class conducted on property owned by defendant and used by defendant "as a school and playground for its students," plaintiff fell because of a rut in the ground and was injured. The complaint charged that defendant was negligent because it "(a) [a]llowed [the] rut to continue to be formed and deepened in the playground, [and] (b) [f]ailed to fill in the rut to make the playground level." In dismissing the amended complaint, the circuit court ruled the defendant was immune from liability for negligence under the facts alleged in that complaint.

■■ ■ Article XIII, section 4, of the Illinois Constitution of 1970 provides that "[e]xcept as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, §4.) Sections 24—24 and 34—84a of the School Code (Code), which apply to districts of less than 500,000 population and those with a greater population, respectively, both state:

> "Teachers and other certificated educational employees shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. *In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils.* This relationship shall extend to all activities connected with the school program, including all athletic and extracurricular programs, and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 122, pars. 24—24, 34—84a.

■ Because of the language in sections 24—24 and 34—84a of the Code in regard to educational employees standing in *loco parentis* to school pupils, in *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, the court held that such educational employees and their employing school districts should have the same immunity for their actions as parents have. That immunity was stated as immunity from liability to a child for injuries resulting from conduct which was merely negligent. (*Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, 216 N.E.2d 137.) The scope of that immunity was described as corresponding to the language of sections 24—24 and 34—84a which refers to " 'all matters relating to the discipline in and conduct of the schools and the school children.' " (*Kobylanski*, 63 Ill. 2d at 172, 347 N.E.2d at 708, quoting Ill. Rev. Stat. 1967, ch. 122, pars. 24—24, 34—84a.) The alleged negligence in *Kobylanski* and its companion case concerned the supervision given to pupils in physical edu-

cation classes while they were performing gymnastic maneuvers.

In *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, the *Kobylanski* rule of immunity was deemed inapplicable to conduct of a school district's agents in negligently providing inadequate athletic equipment for a high school football player. The court reasoned that the furnishing of equipment did not involve the close teacher or coach relationship with pupils nor the providing of supervision which existed in *Kobylanski*. In *Prest v. Sparta Community Unit School District No. 140* (1987), 157 Ill. App. 3d 569, 510 N.E.2d 595, the Fifth District Appellate Court extended the rule in *Gerrity* to the situation where a school district was alleged to have negligently erected and permitted to remain, without protective padding, a concrete riser near the playing area of a school gymnasium causing injury to a student who fell against it. In a split decision, the court concluded the conduct of the district in regard to the premises was like that in *Gerrity* in regard to equipment and did not involve the close teacher-pupil relationship involved in *Kobylanski*.

Subsequent to these cases, in *Brock v. Rockridge Community Unit District No. 300* (1989), 183 Ill. App. 3d 447, 539 N.E.2d 445, the Third District Appellate Court dealt with the question of alleged negligence of a school district in failing to properly maintain the condition of a playing field used for playing touch football in a supervised physical education class. A divided court held these allegations, even if properly pleaded, would not set forth a cause of action because of the precedent of *Kobylanski*. The fact the class was alleged to be under the supervision of a teacher was deemed to make the situation analogous to that in *Kobylanski*. The *Prest* analysis was rejected on the basis that the court had extended the *Gerrity* precedent more than the supreme court had intended. The court noted that *Kobylanski* had referred to the portion of section 24—24 of the Code which refers to the *loco parentis* doctrine as applying to all activities of a school program and involving not only the supervision but also the safety of pupils.

The circuit court rendered its decision on the basis that the precedent of *Brock* was controlling. It acted properly under the Illinois rule of *stare decisis* between the various districts of the appellate court. (*Garcia v. Hynes & Howes Real Estate, Inc.* (1975), 29 Ill. App. 3d 479, 331 N.E.2d 634.) Under that rule, in the absence of a supreme court decision directly in point, a circuit court should follow the precedent of the appellate court of its district, if such precedent exists. If not, it is to follow the precedent of other districts if there is such precedent. If that of other districts is in disagreement, the cir-

cuit court may then choose which precedent it considers to be most nearly correct.

■■ Here, the circuit court recognized the existence of this court's decision in *Holsapple v. Casey Community Unit School District C-1* (1987), 157 Ill. App. 3d 391, 510 N.E.2d 499. There, this court examined the sufficiency of a count of a complaint in tort against a school district. The complaint charged the district with negligence in permitting the existence of a defective door on a school building thereby causing injuries to a pupil attending a district school. We noted that plaintiff relied on a duty set forth in section 3—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1985, ch. 85, par. 3—102). Then, as now, that section stated, in part:

"Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used ***." (Ill. Rev. Stat. 1985, ch. 85, par. 3—102(a).)

This court upheld the dismissal of that count on the basis the complaint did not adequately plead negligence. We did not pass on the question of whether governmental immunity was involved. Here, the circuit court properly rejected the *Holsapple* decision as precedent in regard to governmental immunity and properly accepted *Brock* as the most analogous case and, thus, the appropriate precedent.

■■ While the circuit court was bound by the precedent of *Brock*, we are not. (*Garcia*, 29 Ill. App. 3d at 481, 331 N.E.2d at 636.) The special concurrence of Justice Barry in *Brock* points out that the *Gerrity* opinion emphasizes the difference between the close teacher-pupil relationship in regard to discipline, instruction, and safety which was involved in *Kobylanski* and the furnishing of equipment which was involved in *Gerrity*. (*Brock*, 183 Ill. App. 3d at 451, 452, 539 N.E.2d at 448, 449 (Barry, J., specially concurring).) We recognize the broad language of *Kobylanski* relied upon by the majority opinion in *Brock*, but *Gerrity* is a later decision than *Kobylanski*. The function of maintaining the grounds is much more like the furnishing of equipment than the supervision of the type of gymnastic exercise which pupils are performing. We conclude *Gerrity*, rather than *Kobylanski*, controls here.

We have previously referred to section 3—102 of the Act. Plaintiff did not plead that section of the Act as a basis for a duty on the

defendant, but argues on appeal that recovery is being sought on the basis of the duty in regard to premises as set forth therein. As its title implies, the Act primarily sets forth various types of immunity granted to local units of governments, including school districts. At this stage of the proceedings, defendant has not raised an issue of immunity arising from the Act. Thus, we are not passing upon whether any provision of the Act is applicable here. However, as the immunity arising from the *Kobylanski* doctrine is all that has been raised against the amended complaint, we hold the complaint withstands that attack.

Accordingly, we reverse the judgment dismissing the amended complaint and remand the cause to the circuit court of Pike County for further proceedings.

Reversed and remanded.

STEIGMANN and KNECHT, JJ., concur.