(No. 71565.—

BRICE SIDWELL, a Minor, by Luanna Sidwell, His Mother and Next Friend, Appellee, v. GRIGGS-VILLE COMMUNITY UNIT SCHOOL DISTRICT No. 4, Appellant.

*Opinion filed February 20, 1992.*

HEIPLE, J., dissenting.

Larry D. Kuster and H. Allen Yow, of Rammelkamp, Bradney, Dahman, Kuster, Keaton, Fritsche & Lindsay, P.C., of Jacksonville, for appellant.

F. Donald Heck, Jr., of Pollock, Ennis & Heck, of Quincy, for appellee.

CHIEF JUSTICE MILLER delivered the opinion of the court:

On May 23, 1989, plaintiff, as mother and next friend of Brice Sidwell, a minor (Sidwell), filed a complaint in the circuit court of Pike County alleging that on or about August 30, 1988, Sidwell was injured on the playground of the school he was attending as a result of the negligence of defendant Griggsville Community Unit School District Number 4 (school district).

Plaintiff's original complaint alleged that Sidwell was injured when he fell in a rut that had formed in the playground. Plaintiff alleged that the defendant knew or should have known about the rut in time to repair it, and that the defendant had been negligent in one or more of three ways: allowing the rut to be formed and to deepen, failing to fill in the rut, and allowing the plaintiff to use the part of the playground where the rut was located.

The school district moved to dismiss the complaint, asserting that under section 24—24 of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 24—24), which has been interpreted to provide limited immunity from suit to teachers and other certificated educational employees, it is not liable for plaintiff's injury unless the injury was caused by willful and wanton misconduct on the part of a teacher or the school district. The trial judge first denied defendant's motion, but later reconsidered the ruling and granted the motion.

Plaintiff subsequently filed an amended complaint which alleged that the rut had been present in the playground for several months before Sidwell's accident, and that several employees of the defendant school district had passed over or near the rut prior to the accident. The amended complaint omitted the allegation that the defendant had been negligent in allowing Sidwell to use that part of the playground on which the rut was located.

Defendant filed a motion to dismiss the amended complaint with prejudice. Finding the amended complaint to be virtually identical to the original complaint, the trial judge granted defendant's motion and the complaint was dismissed. Plaintiff appealed, and the appellate court, holding that section 24—24 of the School Code did not provide immunity to the defendant school district, reversed the judgment of the circuit court and remanded the cause for further proceedings. (208 Ill. App. 3d 296.) We granted defendant leave to appeal (134 Ill. 2d R. 315).

Defendant argues that section 24—24 of the School Code applies in this case and that it provides broad immunity to teachers and school districts from claims based on ordinary negligence. Plaintiff replies that section 24—24 applies only to teachers and other certificated educational employees and not to school districts.

Therefore, plaintiff argues, the complaint may stand because it alleges the direct negligence of the school district in failing to maintain the playground rather than the vicarious liability of the school district resulting from a teacher's negligent supervision of the student.

The issue presented here is whether a school district benefits from section 24—24 immunity when a complaint alleges a claim which is based on the negligence of the school district itself, and not based on the negligence of a teacher.

Sections 24—24 and 34—84a of the School Code were passed by the General Assembly in 1965 and have the effect of providing limited immunity to teachers and other certificated educational employees. Section 24—24 of the School Code applies to school districts in cities with populations of less than 500,000, and section 34—84a applies to school districts in cities which have a population of more than 500,000. The two sections are identical in pertinent part and have been interpreted identically by this court. They provide as follows:

> "Teachers and other certificated educational employees shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program, including all athletic and extracurricular programs, and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." Ill. Rev. Stat. 1989, ch. 122, pars. 24—24, 34—84a.

This court first interpreted sections 24—24 and 34—84a in *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165. *Kobylanski* consisted of two consolidated cases in which the defendants were both the school dis-

tricts and the teachers involved. Both suits alleged that students were injured in gymnastics classes because they had been negligently supervised by their teachers. The court construed sections 24—24 and 34—38a as applying in nondisciplinary as well as disciplinary situations (*Kobylanski,* 63 Ill. 2d at 172) and held that the teachers were not liable nor were the school districts vicariously liable under the facts alleged. The court reasoned that sections 24—24 and 34—38a "confer upon educators the status of parent or guardian to the students," and since "a parent is not liable for injuries to his child absent wilful and wanton misconduct" (*Kobylanski,* 63 Ill. 2d at 170), the educators were immune from these suits alleging ordinary negligence. *Kobylanski,* 63 Ill. 2d at 173.

This court next addressed sections 24—24 and 34—84a in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47. The plaintiff in *Gerrity* alleged he was injured because of an ill-fitting and inadequate football helmet which was provided to him by the school district. The plaintiff had not named any teacher or other certificated educational employee in the suit; the school district was the only defendant involved in the appeal. The court noted that the allegations in *Kobylanski* involved "a direct, teacher-student relationship involving the exercise of a teacher's personal supervision and control over the conduct or physical movement of the student." (*Gerrity,* 71 Ill. 2d at 51.) In contrast to *Kobylanski,* the court found that the allegations in *Gerrity* arose out of the school district's "separate function" of providing equipment to the student. Observing that "public policy considerations argue rather strongly against [relaxing] a school district's obligation to insure that equipment provided for students in connection with activities of this type is fit for the purpose" (*Gerrity,* 71 Ill. 2d at 52), the court held that sections 24—24 and 34—84a do not apply to allegations

that a school district was negligent in providing equipment to a student. *Gerrity,* 71 Ill. 2d at 53.

Defendant Griggsville school district contends that allegations dealing with the injury of a child on a school playground during gym class inevitably implicates a teacher-student relationship since it is the teacher who makes the decision to conduct the gym class on the playground. Therefore, defendant argues, under *Kobylanski,* defendant school district should be entitled to immunity under section 24—24.

We disagree. We believe that sections 24—24 and 34—84a provide immunity to "teachers and other certificated educational employees," not to school districts. The language of the statutes is clear: "Teachers and other certificated educational employees *** stand in the relation of parents and guardians to the pupils." (Ill. Rev. Stat. 1989, ch. 122, pars. 24—24, 34—84a.) The statutes say nothing about school districts. The distinction between immunity for teachers and school districts is especially evident when comparing *Gerrity* to *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165. The appeal in *Thomas* concerned only the liability of the plaintiff's football coaches for furnishing, but failing to inspect, defective football equipment. In contrast to *Gerrity,* where the court determined that the school district had no immunity under section 24—24 or 34—84a for furnishing defective football equipment, the court in *Thomas* held that the coaches—certificated educational employees—were entitled to such immunity. *Thomas,* 77 Ill. 2d at 172.

We do not mean to say that a school district is unable to benefit from the immunity granted by sections 24—24 and 34—84a under any circumstances. As in any employment situation, school districts vicariously benefit from a teacher's immunity when a cause of action against the school district is predicated on the negligence of a

teacher. See *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 532-33 (no derivative cause of action against principal when there is no cause of action against agent); *Jastram v. Lake Villa School District 41* (1989), 192 Ill. App. 3d 599, 603 ("a school district has vicarious immunity *** if the cause of action is predicated on the negligence of an employee who has the statutory immunity, to wit, a teacher or other certificated educational employee").

Therefore, one must examine the allegations of the complaint to determine whether the immunity under sections 24—24 and 34—84a applies. When the complaint alleges the independent negligence of the school district rather than liability through the acts of a teacher, the defendant school district is not entitled to vicarious immunity under section 24—24 or 34—84a.

In this case the amended complaint clearly alleges that the school district was independently negligent because it allowed a rut to form and deepen in the playground, not that the teacher was negligent in allowing Sidwell to use that part of the playground. Thus we hold that section 24—24 is inapplicable here.

We note that opinions of the appellate court have been divided on the issue decided here. In addition to the fourth district opinion affirmed here (208 Ill. App. 3d 296), the second and fifth districts of the appellate court have issued opinions consistent with the views expressed here. (See *Jastram v. Lake Villa School District 41* (2d Dist. 1989), 192 Ill. App. 3d 599; *Ramos v. Waukegan Community Unit School District No. 60* (2d Dist. 1989), 188 Ill. App. 3d 1031; *Bowers v. Du Page County Regional Board of School Trustees District No. 4* (2d Dist. 1989), 183 Ill. App. 3d 367; *Prest v. Sparta Community Unit School District No. 140* (5th Dist. 1987), 157 Ill. App. 3d 569.) Apparently believing that this court intended *Gerrity* to be a limited exception applying to the

negligent providing of athletic equipment, the first and third districts have extended section 24—24 and section 34—84a immunity to school districts in situations where the independent negligence of the school district was alleged. (See *Ward v. Community Unit School District No. 220* (1st Dist. 1991), 213 Ill. App. 3d 1008; *Brock v. Rockridge Community Unit District No. 300* (3d Dist. 1989), 183 Ill. App. 3d 447.) For the reasons expressed here, we now find that this court did not intend *Gerrity* to be limited to the negligent providing of athletic equipment.

As a supplement to its argument for immunity under section 24—24, defendant argues that section 24—24 and section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 3—106) together demonstrate a public policy to protect governmental entities from liability resulting from the use of playgrounds. Section 3—106 provides:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public' employee is guilty of willful and wanton conduct proximately causing such injury." (Ill. Rev. Stat. 1989, ch. 85, par. 3—106.)

Section 3—106 may represent such a policy, but defendant's incantation of a policy in the Tort Immunity Act does not persuade us to alter our interpretation of the plain language of section 24—24 of the School Code.

Whether section 3—106 itself would provide immunity to the school district in this case is another matter. Because that statute was not pleaded as a defense in the

trial court, the appellate court or here, we need not determine whether section 3—106 would apply in this case.

Because the amended complaint alleges negligence on the part of the school district itself and not negligence on the part of teachers, we hold that the school district is not protected by the immunity of section 24—24 of the School Code. That being the only issue properly raised, we affirm the judgment of the appellate court.

*Judgment affirmed.*

JUSTICE HEIPLE, dissenting:

The dispute in this case concerns whether a school district is liable for an injury occurring to a student on a school playground resulting from the school district's negligence. The case is before us on a motion to dismiss the complaint, which was granted by the trial court and reversed by the appellate court. The majority opinion affirms the judgment of the appellate court and remands for further proceedings. The gist of the claim is that the student plaintiff was participating in a physical education class on a school playground when he fell and hurt himself due to a rut in the ground. The complaint alleged that the school district was negligent because it allowed the rut to continue to form and deepen in the playground, and because the school district failed to fill in the rut to make the playground level. In addressing the school district's liability, the majority limits its inquiry to the School Code of Illinois. (Ill. Rev. Stat. 1989, ch. 122, pars. 24—24, 34—84a.) These sections of the School Code provide immunity to teachers and other certificated educational employees, but do not give immunity to school districts unless the cause of action against the school district is predicated upon the negligence of a teacher. While I have no dispute with the majority's interpretation of the scope of immunity provided by sections 24—24 and 34—84a of the School Code of Illinois, I

am concerned that the majority failed to address the scope of immunity provided under section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 3—106).

The Tort Immunity Act provides public entities with immunity from liability for injuries occurring on playgrounds due to negligence (willful and wanton misconduct excepted). Since the amended complaint alleges mere negligence and not willful and wanton misconduct on the part of the school district, the Tort Immunity Act grants the school district immunity in the instant case. *Jackson v. Board of Education of the City of Chicago* (1982), 109 Ill. App. 3d 716.

In declining to address this issue, the majority apparently relies upon that ancient procedural precept that an issue not previously raised cannot be raised for the first time on appeal. Though that precept is valid, it is subject to a reasonable exception. The exception is that when the record contains all the factual material necessary to decide an issue, the reviewing court will consider the issue even though it was not previously raised below. (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 141-42.) Since the facts necessary to decide this issue are before us, it should be addressed at this juncture.

The majority opinion disposes of the defense raised under the School Code and remands the cause for further proceedings without answering a controlling question of law. That is to say, without commenting on the immunity furnished by the Tort Immunity Act. In the interest of judicial economy, the opinion in this case should indicate that the Tort Immunity Act effectively forecloses the plaintiff's claim and that, accordingly, the cause should be ordered dismissed.

Accordingly, I respectfully dissent from the decision of the court.