(No. 47566.— )

*In re* HAROLD WASHINGTON, Attorney, Respondent.

*Opinion filed November 17, 1975.*

24

CREBS, J., took no part.

John Dixon and John C. O'Malley, of Chicago, for Attorney Registration and Disciplinary Commission.

Thompson & Thompson, of Chicago (Paul E. Thompson, of counsel), for respondent.

MR. JUSTICE WARD delivered the opinion of the court:

The Review Board of the Attorney Registration and Disciplinary Commission has recommended that the respondent, Harold Washington, who was admitted to the bar of Illinois in 1952, be suspended from the practice of law for a period of two years and until further order of this court. This proposed suspension would be consecutive to an earlier suspension ordered by this court for irregularities involving fees given the respondent by clients to render professional services.

The respondent was suspended on May 21, 1970, for one year and until further order of the court. On March 23, 1971, he was indicted in the United States District Court for the Northern District of Illinois for failure to file income tax returns for 1964, 1965, 1967 and 1969. He entered a plea of *nolo contendere* on January 10, 1972, and on March 27, 1972, was placed on probation for three years on the condition that he serve 40 days in the custody of the Attorney General of the United States.

Because of the misconduct which caused his indictment a complaint was voted against the respondent after his conviction by the Committee on Inquiry of the Chicago Bar Association under the then-existing attorney

disciplinary procedures. The complaint was served on the respondent on April 25, 1973, and on May 4 and June 9 he requested and secured additional time to answer the complaint. An amendment to the complaint was filed on August 20, 1973, and on November 21, 1973, the complaint was transferred from the Chicago Bar Association to the Administrator of the attorney registration and disciplinary system pursuant to the reorganization of disciplinary procedures for attorneys. The Administrator of the system was substituted as the complainant, and a hearing was conducted on January 18, 1974, before the Hearing Board. The Board on March 13, 1974, filed its report finding that the respondent's conduct in failing to file the tax returns did not comport with accepted professional standards and recommending that the respondent be suspended from the practice of law. The recommendation was that the suspension was to run concurrently with the suspension imposed on May 21, 1970, for one year "and until further order of the court."

The Review Board first concluded that as the respondent was still under suspension from the practice of law, having been suspended until "further order of the court," the attorney registration and disciplinary system did not have jurisdiction and directed that no action be taken. The Review Board filed a report to this effect on April 29, 1974, but on November 1, 1974, the Board entered an order vacating the order of April 29, reinstating the respondent's case and setting it for oral argument on December 6, 1974. The respondent was notified but chose not to present argument. On April 14, 1975, the Review Board filed a report which affirmed the findings of the Hearing Board but modified the Hearing Board's recommendation of a concurrent suspension for the respondent and recommended instead the imposition of an additional two years' suspension.

The principal contention the respondent makes here is that the recommendation of the Review Board is harsh and

would impose upon the respondent a clearly excessive penalty. There are collateral contentions, but in view of the disposition we make of the respondent's principal argument it will not be necessary to consider them.

If there were now to be imposed a two-year additional period of suspension from practice as the Review Board has recommended it would extend the respondent's existing suspension until at least the end of 1977. At that time there would have been a total period of suspension of at least seven and one-half years, which we judge would be inappropriate considering the sanctions imposed in other cases under comparable circumstances.

When this court in May, 1970, suspended the respondent from practice for a period of one year and until further order of court it can be said the court's view was that a suspension of one year well might be sufficient for the misconduct involved. As to the indictment for his failure to file tax returns, the respondent says, and the record corroborates, that he made an offer of proof before the hearing panel that the tax for which he was liable in the years in which he failed to file was largely satisfied by withholdings from income and that the additional total tax liability would not have exceeded $500. The district court did allow the respondent's application for probation, as we have noted, upon the condition of his serving 40 days in custody.

The respondent was placed on probation on March 27, 1972, but no disciplinary complaint was brought against him for almost a year. It was on March 19, 1973, that the Committee on Inquiry of the Chicago Bar Association voted a complaint against him, and five months later on August 20, 1973, the complaint was reaffirmed and readopted by the Committee on Inquiry. Because of the change in the structure of our attorney disciplinary procedures the complaint was transferred on November 21, 1973, from the Chicago Bar Association to the Administrator of the attorney registration and disciplinary

system and on that date the Administrator was substituted as complainant and an amended complaint was filed. Two months later on January 18, 1974, a hearing on the complaint was held, and on March 13, 1974, almost two months later, the Hearing Board filed its report. Twenty-two months elapsed from the time the complaint was voted against the respondent until his hearing in January 1974. It is true that some of the delay in reaching a hearing was attributable to the transition to the new disciplinary system, and though that delay was understandable, it was not due to any fault of the respondent. It would appear that the only delay attributable to him was through his securing extensions of time to answer the complaint.

The Review Board's recommendation of a suspension from practice for two years for the misconduct involved would not be deemed unreasonable under most circumstances, but considering the unusual circumstances of this case, including the delays in the proceedings, we judge that the period of suspension recommended by the Review Board should be considered as having been served, and we so consider it. As of now approximately five and one-half years have passed since the respondent's suspension on May 21, 1970.

At the time of oral argument in this matter the respondent filed a petition for reinstatement to the active bar with the clerk of this court. The cause is remanded to the Hearing Board for consideration of this petition pursuant to the provisions of our Rule 767.

*Cause remanded.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.