(No. 58042.—

*In re* THOMAS WILLIAM SCHEUNEMAN,
Attorney, Respondent.

*Opinion filed December 1, 1983.*

WARD, J., took no part.

James J. Grogan, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

William J. Harte, Ltd., of Chicago (William J. Harte, of counsel), for respondent.

JUSTICE MORAN delivered the opinion of the court:

On November 18, 1981, respondent, Thomas W. Scheuneman, pleaded guilty to a three-count information charging him with knowingly and wilfully failing to file Federal income tax returns for the years 1975, 1976 and 1977 in violation of title 26, United States Code, section 7203. Respondent was sentenced to 60 days' confinement in the Community Based Work-Release Program at

the Chicago Metropolitan Correctional Center, and two years' probation conditioned upon his performance of community service, one day per week, throughout the probationary period.

The day after respondent pleaded guilty, he voluntarily informed the Illinois Attorney Registration and Disciplinary Commission of the Federal proceedings against him. Based upon this information, the Inquiry Board issued a complaint which alleged that respondent was guilty of conduct which tended to defeat the administration of justice and to bring the legal profession into disrepute.

Before the Hearing Board, respondent admitted that he was guilty of professional misconduct and expressed his remorse. In mitigation, 13 witnesses, including judges, lawyers and lay persons testified as to respondent's excellent reputation in the community, his honesty and fitness to practice law. The Hearing Board's report noted the mitigating factors of this case, including respondent's naval service, his participation in *pro bono* work, his unusual personal and financial hardship, the continuing illness of his son, and his cooperation at every level of the proceedings before the Federal district court and the Attorney Registration and Disciplinary Commission. The Board found the mitigating circumstances sufficiently compelling and unanimously recommended censure.

The Administrator filed exceptions which did not dispute the mitigating factors found by the Hearing Board. Instead of censure, the Administrator suggested that respondent be suspended for the duration of the Federal probationary period, that the suspension order be stayed, and that respondent be placed on probation. The Review Board, however, recommended, in a five-to-three decision, that the appropriate sanction was six months'

suspension. The three dissenting members favored the Hearing Board's recommendation of censure.

The only issue to be resolved is the appropriate disciplinary sanction under the facts and circumstances of this case.

This court has consistently held that a conviction for failure to file income tax returns brings the legal profession into disrepute. (*In re Hopper* (1981), 85 Ill. 2d 318, 322; *In re Andros* (1976), 64 Ill. 2d 419, 424; *In re O'Hallaren* (1976), 64 Ill. 2d 426, 434; *In re Washington* (1975), 62 Ill. 2d 23; *In re Lambert* (1970), 47 Ill. 2d 223.) Final responsibility for determining the discipline to be imposed rests in this court. In reaching that determination, we may properly consider the respondent's conduct and all facts and circumstances in aggravation and mitigation. (*In re Neff* (1980), 83 Ill. 2d 20, 25; *In re Cook* (1977), 67 Ill. 2d 26, 32; *In re Lytton* (1971), 48 Ill. 2d 390, 391.) Respondent here does not dispute that discipline is warranted; however, he claims that certain factors mitigate his misconduct and, as such, censure is the appropriate sanction.

The record indicates that after receiving his undergraduate degree in 1962, respondent entered the United States Navy. From 1962 to 1965, he served as a combat intelligence specialist on Navy combatant ships. During his last year of service, respondent volunteered for duty in Viet Nam, thereby extending his military service for one year. After concluding his active military service, respondent married and entered law school. He graduated first in his class and was admitted to practice in 1969. Respondent was continually employed in the legal profession from 1969 to 1983. Presently, he resides in California, where he is employed by a corporation and is not engaged in the general practice of law.

In 1972, respondent's marriage ended in divorce. Re-

spondent claims that he could not meet his daily living expenses because of the financial burden brought on by the divorce. He also stated that his son suffered from an acute asthmatic condition during the period here in question. This condition caused his son to be hospitalized on the average of once a month and, on at least two occasions, his son almost died from the illness.

Respondent maintains that his failure to file tax returns was due to a misconception of the Federal tax laws. He denied that he wilfully avoided his obligations. Respondent maintains that his income was always reported and that withholding taxes were paid. He testified that he did not know that he could file a tax return without simultaneously paying, in full, all taxes due and owing. Being under this misapprehension, he stated that when he calculated the balance of taxes owed, he did not have the money to tender with the return and consequently did not file.

To support his position that censure is the appropriate sanction here, respondent relies upon two unpublished orders entered by this court. In *In re* Melvan M. Jacobs (1981), M.R. 2675, the respondent was convicted of wilfully failing to file Federal income tax returns for the years 1968 through 1971. The taxes for those years were subsequently paid in full and all later returns were promptly filed. During the years in question, Jacobs' firm's partnership returns, showing his income, were properly filed. He filed for extensions of time to file after having paid approximately $80,000 toward expected liability. The Review Board there considered the mitigating circumstances of Jacobs' busy practice, his involvement in charitable activities, and the serious illness of his wife and child sufficiently compelling to warrant censure rather than suspension.

In *In re* Frank W. Oliver (1980), M.R. 2454, the re-

spondent was convicted of knowingly and wilfully failing to file income tax returns for two years. He was sentenced to 60 days in the Chicago Metropolitan Correctional Center. The Review Board there concluded that Oliver's excellent reputation as an attorney and his past service to unpopular causes were mitigating circumstances which justified censure rather than suspension.

We agree with respondent's contention that predictability and fairness require that there be a degree of consistency in the sanctions imposed for similar types of conduct.

For the foregoing reasons, respondent is censured.

*Respondent censured.*

JUSTICE WARD took no part in the consideration or decision of this case.