MARTHA WASHINGTON, as Parent, Guardian and Next Friend of Glennet Washington, a Minor, Plaintiff-Appellant, v. CHICAGO BOARD OF EDU-CATION, Defendant-Appellee.

First District (6th Division) No. 1—89—1862

Opinion filed September 28, 1990.—Rehearing denied November 21, 1990.

Schneider & Schneider, P.C., of Chicago, for appellant.

Boyd & Warlick, P.C., of Chicago (T. Lee Boyd, Jr., of counsel), for appellee.

JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Glennet Washington, was a student at the Sawyer Elementary School and was injured when she slipped on some ice while using a stairway in the school. Through her mother, Martha Washington, she filed a complaint for damages against the Chicago Board of Education (the Board). The defendant filed a motion to dismiss supported by a memorandum in which it maintained that under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 3—105) a school district may not be held liable for any injuries suffered as a result of weather conditions including the accumulation of ice. The defendant also filed a reply memorandum in which it contended that the plaintiff had failed to plead sufficient facts which would establish a claim for willful and wanton misconduct on the part of the Board.

The judge dismissed the complaint with prejudice on the ground that the claim was barred under the Tort Immunity Act. He did not pass on the question of whether the complaint alleged sufficient facts to establish willful and wanton misconduct on the part of the Board. In this court, the Board urges that the dismissal order be affirmed on both grounds, that is, the failure of the complaint to state a cause of action for willful and wanton misconduct and the fact that the claim is barred under the Tort Immunity Act. The plaintiff contends that the complaint was sufficient and that the Tort Immunity Act does not apply. We emphasize that she makes no argument that she should have been permitted to amend the complaint.

██ ██ Before discussing the complaint itself, it is appropriate to set forth the applicable law governing liability of schools for injuries suffered by students because of the condition of school property or because of actions by agents of school districts. First, the supreme court has enunciated the rule that school districts may be held liable for in-

juries to students only if the school district was guilty of willful and wanton misconduct. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) Second, a school district, like any other public entity, is not liable for injuries caused by a natural accumulation of ice or snow, even though it had knowledge that the accumulation caused a dangerous condition. (See *Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 1011, 386 N.E.2d 495.) We have determined that we need not discuss the applicability of the Tort Immunity Act since we believe that the complaint was properly dismissed for failure to state a cause of action for willful and wanton misconduct.

The plaintiff's amended complaint alleges the following in a single count:

The Board owned and operated Sawyer Elementary School. A stairway located at the back of the school was used by the students as a main door for ingress and egress during the lunch recess. The Board had a duty to use reasonable care in supervising the students, including the minor plaintiff, in using its property, so as to insure that the property was in a reasonably safe condition for foreseeable use by people exercising ordinary care.

At the defendant's direction and while using ordinary care, the plaintiff left the school using the back stairway on which ice had formed in a dangerous and conspicuous manner. The icy condition made the stairway unsafe for careful use and existed for a sufficient length of time so that the defendant knew or should have known of the dangerous condition and could have remedied or otherwise protected the children from the danger. In descending the stairs, the plaintiff slipped on the icy condition and fell to the ground sustaining grievous injuries.

The defendant intentionally breached its statutory duty to supervise the children and provide for their safety by the following willful and wanton acts or omissions:

"(a) wilfully and wantonly, with reckless disregard for the safety of the students at Sawyer School, failed to adequately supervise the students, including plaintiff, by directing the students to exit the school for lunch recess by means of the aforesaid stairway upon said premises, where upon [*sic*] said stairway there existed *a dangerous, conspicuous and icy condition*, not safe for careful usage, when said condition *had so existed for a sufficient length of time for defendant to have remedied or warned against* such condition;

(b) wilfully and wantonly, with reckless disregard for the

safety of the students at Sawyer School, including plaintiff herein, *failed to inspect* the aforesaid stairway then and there existing upon its premises, where in the exercise of reasonable care, said defendant *knew or should have known the defendant would direct* the aforesaid students to use the stairway to exit said premises for lunch recess, where said stairway was not safe for careful usage due to the *conspicuous and dangerous icy condition that had so existed for a sufficient length of time for defendant to have remedied or warned against such condition.*" (Emphasis added.)

■ The definition of willful and wanton negligence, which has been repeatedly cited by courts of this State, was enunciated in *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300, as follows:

"A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. [Citations.]"

■ In determining the legal sufficiency of a complaint, it is our duty to take all well-pleaded facts as true and view the factual allegations in the complaint in the light most favorable to the plaintiff. It is also our duty to disregard mere conclusions of law which are unsupported by the facts alleged. (*Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.) Our first task, therefore, is to identify the conclusions in the complaint. To begin, the mere allegation that the acts were done willfully and wantonly is conclusional. (See *Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 394 N.E.2d 452.) So also is the bare allegation that the stairs were unreasonably dangerous. (See *Ramos v. Waukegan Community Unit School District No. 60* (1989), 188 Ill. App. 3d 1031, 544 N.E.2d 1302.) And so also is the allegation that the Board knew or should have known of the dangerous condition of the stairs. (See *Majewski v. Chicago Park District* (1988), 177 Ill. App. 3d 337, 532 N.E.2d 409.) On this point, *Woodson v. North Chicago Community School District No. 64* (1989), 187 Ill. App. 3d 168, 543 N.E.2d 290, is instructive. The plaintiff was injured when he tripped over a hurdle while running a relay race. The complaint alleged that the equipment was deficient because safety padding and protective devices were not provided; that the plaintiff tripped over a hurdle and was injured; that his injuries were the

"foreseeable and predictable result of a fall during a hurdle race being run in a gymnasium and were the common and severe result of tripping over a hurdle"; and that the injuries were of the type which "might commonly be expected to result" from a failure to provide appropriate safety equipment. The appellate court held that those allegations were conclusions. 187 Ill. App. 3d at 173.

We judge that the allegations that the equipment was defective and that the injury was the foreseeable and predictable result of a fall which might commonly be expected to result from a failure to provide appropriate safety equipment are the equivalent of allegations that the defendant knew or should have known of the inadequacy of the safety equipment provided.

Stripped of all of the conclusions alleged, the factual allegations of the complaint in this case are reduced to the fact that the plaintiff was injured on the school stairway during noon recess on a school day; that the defendant directed the students to exit the school by means of the stairway; that the stairs were in an icy condition; and that the defendant failed to inspect the stairway. In our judgment, the allegations of the complaint, at best, establish a claim for ordinary negligence.

Two cases illustrate the deficiencies in the complaint. In *Woodson v. North Chicago Community School District No. 64* (1989), 187 Ill. App. 3d 168, 543 N.E.2d 290, the appellate court affirmed the dismissal of a complaint and noted the complete absence of any allegations as to the height of the hurdles, the number of hurdles the plaintiff was required to jump over; the number of hurdles he jumped over; the spacing between the hurdles; whether the race required the students to perform another maneuver, such as running through tires, before encountering another hurdle; whether the race took place at a training session in which tripping on the hurdle would be expected; nor did the complaint allege that the plaintiff was too short to surmount a hurdle safely.

In *Ramos v. Waukegan Community Unit School District No. 60* (1989), 188 Ill. App. 3d 1031, 544 N.E.2d 1302, the complaint alleged that the plaintiff, a 10-year-old elementary school child, was injured because of a cracked and uneven sidewalk which was in an "unreasonably dangerous condition." The appellate court upheld the trial court's dismissal of the complaint alleging willful and wanton misconduct:

> "These counts state that the sidewalk was in an unreasonably dangerous and hazardous condition, but do not contain allegations of fact showing why it was unreasonably dangerous. While the amended complaint alleged that the sidewalk was

cracked and uneven, it does not state facts showing why this cracked and uneven sidewalk was unreasonably dangerous or that defendants knew or should have known of its condition. For instance, the sidewalk may have had a hairline crack, which would not be actionable as slight inequalities or other minor defects in a sidewalk are not actionable. [Citation.] If plaintiff's complaint had alleged, *and described*, that the sidewalk had a substantial unevenness of its surface, it may have demonstrated that defendants acted intentionally or with a reckless disregard for the safety of others by directing children to play there. [Citation.]" (Emphasis added.) 188 Ill. App. 3d at 1038.

For comparison purposes, we refer to *Hadley v. Witt Unit School District 66* (1984), 123 Ill. App. 3d 19, 462 N.E.2d 877 (complaint stated a cause of action where an instructor failed to direct a student to wear safety glasses after observing him engage in the obviously dangerous task of hammering a piece of scrap metal through a hole in an anvil); and *Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 520 N.E.2d 62 (complaint sufficient because it alleged that other children had fallen from a slide which was over six feet high, had no handrail between its parallel steps, had steps, a platform and handrails that were worn and smooth, had loose handrails around the platform, had exposed metal and concrete footings and was situated above a packed dirt and stone surface on other occasions. The complaint also alleged that the defendant knew of the previous incidents).

■ We believe the shortcomings noted in *Woodson* and *Ramos* are comparable to the shortcomings in the pleadings in this case. The plaintiff has failed to plead any facts to indicate why the icy condition was dangerous or conspicuous or why it was not safe for careful use. The allegedly icy condition could have been a small patch of ice on a single step or a sheet of ice completely covering each step. Without some description of the nature and extent of the ice, there are no facts from which we can conclude that the plaintiff was subjected to a high probability of harm.

We are not unmindful of the difficulties facing a pleader in distinguishing between ultimate facts and conclusions and between pleading too much and too little. (See 3 R. Michael, Illinois Practice, Civil Procedure Before Trial, §23.4 at 307-14 (1st ed. 1989).) But recognition of the difficulties does not justify our departure from the rule that Illinois is a fact-pleading jurisdiction. We repeat that the plaintiff made no attempt to amend the complaint in spite of the fact that the defendant raised the issue of the sufficiency of the complaint. In this court, the plaintiff has not answered the cases cited by the defendant.

We conclude, therefore, that the complaint failed to allege a cause of action for willful and wanton misconduct. In view of the position we take, it is unnecessary for us to pass on whether or not the claim is also barred under the Tort Immunity Act. A reviewing court may affirm a dismissal of a complaint on any grounds which are supported by the record, regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct. *Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 527 N.E.2d 303.

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

LaPORTA, P.J., and RAKOWSKI, J., concur.