SEAN WARD, Plaintiff-Appellant, v. COMMUNITY UNIT SCHOOL DIS-
TRICT NO. 220 *et al.*, Defendants-Appellees.

First District (2nd Division) No. 1—89—1501

Opinion filed April 23, 1991.—Rehearing denied May 30, 1991.

Michael W. Rathsack, of Chicago, for appellant.

Michael L. Handley, of Aries & Hoyt, of Chicago, for appellees.

JUSTICE COCCIA delivered the opinion of the court:

## I

Plaintiff-appellant Sean Ward appeals the dismissal of his two-count complaint against defendants-appellees Community Unit School District No. 220 (school district), Arnett C. Lines School (Lines School), Barrington Middle School (Barrington School), and Board of Education of Community Unit School District No. 220 (board of education). In September 1977, the school district and the board of education operated the two schools, which were located next to each other in Barrington. Behind the schools was a large playing-field area on which were marked in a permanent substance smaller game areas or fields. These fields were used for physical education classes, student intramural games, and student athletic events for students enrolled in either of the two schools. Two of these fields were used for football, soccer, and similar sports; they were situated in an end-to-end fashion.

The first count of the complaint asserted negligence in the design of the two end-to-end football fields, which were described as being "almost immediately adjacent" to each other. On September 26, 1977, a regular school day, the two fields were being used simultaneously for a boys' physical education class football game (by the Barrington School) and an intramural flag football game (by the Lines School). This construction design allegedly led to the occurrence here: a collision between an older, Barrington School student and plaintiff, who at the time was a nine-year-old Lines elementary school student. The Barrington student was allegedly catching a football; he ran through the end zone of his playing field and into the adjacent field. Plaintiff was seated in the end zone of the adjacent, second, field observing the intramural flag football game being played on that field. As the two boys collided, the older student kicked plaintiff in the head, causing serious and permanent injury. Plaintiff incurred a depressed fracture

of the left parieto-occipital area of the skull and developed permanent seizures and epilepsy, from which he continues to suffer.

Plaintiff's second count asserted wilful and wanton misconduct by defendants, based on the same facts as alleged in the first count plus allegations of the requisite knowledge by defendants of the design, condition, and use of the fields. The trial court, ruling that there was no duty of care owed to plaintiff by defendants, dismissed both counts of the complaint under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). For the reasons stated hereinafter, we affirm the dismissal of both counts of the complaint.

## II

■ In reviewing the dismissal of a complaint for failure to state a cause of action, we are guided by well-settled standards. In *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 565 N.E.2d 654, the supreme court, affirming the dismissal of a complaint alleging negligence for failure to state a cause of action, stated:

> "A trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover. [Citations.] When the legal sufficiency of all or part of a complaint is challenged by a section 2—615 motion to strike or dismiss, all well-pleaded facts in the attacked portions of the complaint are to be taken as true [citation] and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. A motion to strike a portion of a complaint does not admit conclusions of law or fact unsupported by the specific factual allegations upon which such conclusions rest. [Citation.] Therefore, we will consider only the facts of this case as plaintiff presented them in his complaint." *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d at 504-05, 565 N.E.2d at 657.

■ To properly plead a cause of action in negligence, a plaintiff must allege the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach. (*Widlowski v. Durkee Foods* (1990), 138 Ill. 2d 369, 373, 562 N.E.2d 967, 968; *Dinges v. Gabardi* (1990), 202 Ill. App. 3d 732, 735, 560 N.E.2d 21, 23; *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226.) The existence of a duty in a particular case is a question of law. *Ward v. K mart Corp.*, 136 Ill. 2d at 140, 554 N.E.2d

at 226; *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525, 513 N.E.2d 387.

The concept of duty in negligence cases has been characterized by our supreme court as being "very involved, complex and indeed nebulous." (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 545, 301 N.E.2d 307, 310; *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226.) A duty requires a person to conform to a certain standard of conduct for the protection of another against an unreasonable risk of harm. In order for there to be a duty, the occurrence must have been foreseeable but more than mere possibility is required and foreseeability alone will not create a legal duty. (*Lance v. Senior* (1967), 36 Ill. 2d 516, 518, 224 N.E.2d 231, 233.) Among the factors a court must consider in determining whether a duty exists are: the relationship between defendant and plaintiff, the likelihood of the injury, the magnitude of the burden of guarding against the injuries and the consequences of placing that burden on the defendant. (*Ward v. K mart Corp.*, 136 Ill. 2d at 140-41, 554 N.E.2d at 232.) The court must determine the question of duty from the facts and circumstances as set forth in the complaint. *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504, 565 N.E.2d 654, 657.

In the instant case, even if we were to assume that a duty existed, plaintiff admits, as he must, that the school activities in question were supervised by teachers. Therefore, we need not address the question of duty in order to resolve the negligence count. Instead, we reach the same result as the trial judge by application of the immunity provision of the Illinois School Code (Ill. Rev. Stat. 1989, ch. 122, pars. 24—24, 34—84a).

The School Code provides teachers and certified educational employees with immunity for liability arising from their negligent conduct. The immunity available to schools, school districts, and boards of education is vicarious, as the School Code does not grant immunity directly to such defendants, but specifies "teachers and other certified educational employees" are immune. Thus, if the cause of action is predicated on the negligence of an employee who has statutory immunity, the school, school district, and board of education are also immune. *Gara v. Lomonaco* (1990), 199 Ill. App. 3d 633, 641, 557 N.E.2d 483, 487; *Jastram v. Lake Villa School District 41* (1989), 192 Ill. App. 3d 599, 603, 549 N.E.2d 9, 13.

Section 34—84a of the School Code, which is applicable to cities with a population greater than 500,000, and section 24—24 of the Code, which is applicable to cities with a population of less than 500,000, are identical. The two sections provide:

"Teachers and other certified educational employees shall maintain discipline in the schools \*\*\*. In all matters relating to the discipline in *and conduct of the schools and the school children*, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program \*\*\* and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 122, pars. 24—24, 34—84a.)

The foregoing statutes confer immunity from liability for negligence arising out of "matters relating to the discipline in and conduct of the schools and school children." A plaintiff must plead wilful and wanton misconduct, not negligence, to maintain an action against a school or its teachers. (See *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705 (School Code immunity applied to bar liability for negligence for injury in physical education class; student injured in fall while performing supervised exercise on steel rings); see also *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 415 N.E.2d 1015.) An exception has been recognized for the separate function of furnishing personal property such as football helmets and athletic equipment. *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323 (school's separate function of providing equipment requires exercise of ordinary care; no immunity for providing defective football helmet); see also *Lynch v. Board of Education of Collinsville Community Unit District No. 10* (1980), 82 Ill. 2d 415, 434, 412 N.E.2d 447, 459 (school district has affirmative duty of care to provide adequate equipment).

In this case plaintiff seeks to avoid the immunity provided by the School Code by asserting a claim of negligence through a theory of premises liability. We think the so-called premises liability exception to school immunity is a legal fiction and we decline to recognize it. The premises liability theory is an unwarranted extension of the legitimate exception to School Code immunity for defective equipment. Such a new exception has not been advanced by our supreme court, and we will not carve out such a new exception to school immunity as an exercise in judicial legislation. Nor has the General Assembly seen fit to amend the School Code immunity provision despite its application to bar similar claims. Until such time as our supreme court adopts the premises liability exception, we think it is not the policy of the State of Illinois. While we acknowledge that the premises liability theory has been adopted by the Second, Fourth and Fifth Districts of the Appellate Court, we disagree with those opinions and cannot embrace them.

(See *Sidwell v. Griggsville Community School District 4* (4th Dist. 1991), 208 Ill. App. 3d 296) (rut in playground); *Jastram v. Lake Villa School District 41* (2d Dist. 1989), 192 Ill. App. 3d 599, 602, 549 N.E.2d 9, 12 (monkey bars); *Ramos v. Waukegan Community Unit School District No. 60* (2d Dist. 1989), 188 Ill. App. 3d 1031, 544 N.E.2d 1302 (cracked sidewalk); *Bowers v. Du Page County Regional Board of School Trustees District No. 4* (2d Dist. 1989), 183 Ill. App. 3d 367, 376, 539 N.E.2d 246 (gym mats under rope ladder); *Prest v. Sparta Community Unit School District No. 140* (5th Dist. 1987), 157 Ill. App. 3d 569, 510 N.E.2d 595 (concrete riser).) We have been unable to locate a first district opinion addressing this split of authority. But see *Washington v. Chicago Board of Education* (1st Dist. 1990), 204 Ill. App. 3d 1091, 1093, 562 N.E.2d 541 (student slip and fall on school stairs due to ice; school districts may be held liable for injuries to students only if the school district was guilty of wilful and wanton misconduct; *Gerrity* exception not discussed).

We find the Third District Appellate Court opinion in *Brock v. Rockridge Community Unit District No. 300* (1989), 183 Ill. App. 3d 447, 539 N.E.2d 445, applying immunity in a similar situation, to be on point and persuasive. In *Brock*, plaintiff was injured by a fellow student while playing touch football during a physical education class. The other student stepped into an uneven portion of the school playing field, lost his balance, and fell into the plaintiff. There, as in the case at bar, the plaintiff alleged that the field was not reasonably safe, analogizing a claim of negligence based on premises liability to the defective equipment exception to the immunity provided by the School Code.

■ The majority in *Brock v. Rockridge Community Unit District No. 300* observed that the touch football game was indistinguishable from the physical education class in *Kobylanski* because "both activities were being supervised by teachers and both activities were being performed on school premises." (183 Ill. App. 3d at 450, 539 N.E.2d at 448.) We agree with the majority in *Brock v. Rockridge Community Unit District* that injuries occurring in supervised physical education classes fall "under the purview of the immunity granted" by the School Code. (183 Ill. App. 3d at 450, 539 N.E.2d at 448.) In short, we are of the opinion that if there was negligence at all in the case at bar it was negligent supervision, for which defendants are immune under *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.

In addition, this court is of the opinion that *Brock* correctly rejected the *Gerrity* exception to school immunity as being inapplicable

to a supervised touch football game. (*Brock*, 183 Ill. App. 3d at 449-50, 539 N.E.2d at 447.) This court cannot equate petitioner's premises liability theory for so-called defective design of football fields with the defective equipment exception under *Gerrity v. Beatty*. We agree with Justice Karns that to adopt such a new exception would destroy the general rule of immunity. (See *Prest v. Sparta Community Unit School District No. 140*, 157 Ill. App. 3d at 572, 510 N.E.2d at 597 (Karns, P.J., dissenting, arguing that expansion of *Gerrity* to premises liability claims would mean exception would destroy the general rule of immunity).) Indeed, it may well be that the end-to-end design of these fields was intended to reduce the number of injuries that might otherwise result were the fields to be placed in parallel fashion. If true, these fields were not designed negligently—just the opposite.

 A reviewing court may affirm a dismissal of a complaint on any grounds which are supported by the record, regardless of whether the trial court relied on those grounds, or whether the trial court's reasoning was correct. (*Washington v. Chicago Board of Education* (1990), 204 Ill. App. 3d 1091, 1097, 562 N.E.2d 541, 545.) Therefore, we hold that the trial court's dismissal of count I of the complaint was appropriate and is affirmed where the plaintiff's injuries were sustained during a supervised athletic activity conducted as part of the school program. We further hold that under these circumstances, the defendants have vicarious immunity under the School Code for such injuries, absent wilful and wanton misconduct.

### III

██ We now turn our attention to count II, which alleged wilful and wanton misconduct by defendants in knowingly utilizing the two football fields. In *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 469, 415 N.E.2d 1015, our supreme court stated the standard for determining whether conduct is wilful and wanton as follows:

"A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care."

The court further observed that whether there has been wilful or wanton misconduct is a matter of degree and a "hard and thin line definition should not be attempted." (83 Ill. 2d at 469, 415 N.E.2d at 1018:)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Rather, what is required in any given case is a "close scrutiny of the facts." The court went on to state that while the complaint in *O'Brien* did not expressly allege an intent to injure, the combination of allegations was sufficient to establish a reckless disregard for the safety of the student. 83 Ill. 2d at 469, 415 N.E.2d 1018.

In *O'Brien*, a student trainer administered first aid to a student football player for a previously existing, nonfootball injury, and continued treatment from time to time, including opening the wound and cleaning it. As a result the student developed complications and suffered severe and permanent injury. On these facts, the supreme court concluded that: "Because of the necessity to closely scrutinize the facts of each case, plaintiff should be allowed to present evidence in support of his allegations of wilful and wanton misconduct." (83 Ill. 2d at 469, 415 N.E.2d at 1018.) The dismissal of the wilful and wanton count for failure to state a cause of action was reversed while the dismissal of the negligence count was affirmed. 83 Ill. 2d at 470, 415 N.E.2d at 1019.

▮▮▮▮ We are sensitive to the need to closely scrutinize the facts as alleged in the complaint and to the guidance our supreme court has provided in cautioning against "a hard and thin line definition." Nevertheless, we are confident that, in applying the wilful and wanton standard to the present complaint, plaintiff has failed to show sufficiently that he has a valid cause of action for wilful and wanton misconduct. Therefore, we affirm the dismissal of count II because we believe that count fails to state a cause of action. (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 338 N.E.2d 177; *Gara v. Lomonaco* (1990), 199 Ill. App. 3d 633, 557 N.E.2d 483.) We also view count II as being conclusory. *Washington v. Chicago Board of Education* (1990), 204 Ill. App. 3d 1091, 562 N.E.2d 541.

In *Tijerina v. Evans* (1986), 150 Ill. App. 3d 288, 291, 501 N.E.2d 995, we stated the requirements for pleading wilful and wanton misconduct as follows:

> "To sufficiently plead wilful and wanton misconduct, a plaintiff must allege facts demonstrating the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. [Citation.] Fact pleading, as opposed to notice pleading, is required in Illinois; accordingly, a plaintiff must allege facts that are sufficient to bring his claim within the scope of the legally recognized cause of action. [Citation.] Only well-pleaded facts are admitted by a motion to dismiss, and the requirement that a complaint set forth facts necessary for recovery under the theory asserted is

not satisfied, in the absence of the necessary allegations, by the general policy favoring the liberal construction of pleadings."

See *Bowers v. Du Page County Regional Board of School Trustees District No. 4* (1989), 183 Ill. App. 3d 367, 379-80, 539 N.E.2d 246, 254-55.

It is now familiar law that "the same actions may be done negligently or with wilful and wanton disregard," and that "allegations for wilful and wanton misconduct will not fail simply because they mirror allegations for negligence and merely change the state of mind." *Bowers v. Du Page County Regional Board of School Trustees District No. 4* (1989), 183 Ill. App. 3d 367, 380, 539 N.E.2d 246, 255; *O'Brien v. Township High School District 214*, 83 Ill. 2d at 468-69, 415 N.E.2d at 1018.

■■ In the case at bar the trial court ruled that defendants owed no duty to plaintiff because the condition of the land was not dangerous and was otherwise open and obvious. It is well-established that a landowner is not liable to uninvited visitors for injuries resulting from open and obvious dangers on the premises. Even where children are involved, a landowner or occupier is not required to remedy conditions "the *obvious risks* of which children generally would be expected to appreciate and avoid. (Emphasis added.)" (*Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 235, 564 N.E.2d 778, 781; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, 383 N.E.2d 177, 180; *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836.) Before a duty will be imposed on an owner or party in possession, it must be shown that he or she

"knows or should know that children frequent the premises *and* *** [that] the cause of the child's injury was a *dangerous* condition on the premises. (Emphasis in original.) [Citation.] Unless these two prerequisites are met, the harm to the child will not be deemed sufficiently foreseeable such that the law will impel the owner or party in possession to remedy the condition." *Logan v. Old Enterprise Farms, Ltd.*, 139 Ill. 2d at 236, 564 N.E.2d at 781-82.

See also *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023; *Kirby v. Macon Public School District No. 5* (1988), 169 Ill. App. 3d 416, 523 N.E.2d 643.

■■ Even if the condition of the land is obvious to the invitee, the possessor may be liable if the possessor should have anticipated the harm; anticipation of harm may be required where the possessor has reason to expect that the invitee's attention may be distracted so that the invitee would not discover the danger despite its obviousness.

These considerations also must be taken into account when deciding whether an injury was reasonably foreseeable. *Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 437, 566 N.E.2d 239.

In *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, 383 N.E.2d 177, 180-81, our supreme court discussed the principles governing the liability of owners or occupiers of land regarding children. The court stated that while, on the one hand, there is a duty placed on owners or occupiers of land to remedy dangerous conditions where the person knows or should know that children frequent the premises, on the other hand there is no duty on owners or occupiers to remedy conditions the obvious risks of which children generally would be expected to appreciate and avoid. "Even if an owner or occupier knows that children frequent his premises, he is not required to protect against the ever-present possibility that children will injure themselves on obvious or common conditions." 73 Ill. 2d at 326, 383 N.E.2d at 180.

In *Corcoran* the court assumed that a two-year-old child, who was injured when he fell into a ditch on the land of the village and county, was a business invitee to whom the defendants owed the duty to maintain the premises in a reasonably safe condition and to warn of all dangerous, nonobvious conditions. The court held that the complaint failed to state a cause of action in negligence, under a business invitee analysis or under the *Kahn* doctrine. (73 Ill. 2d at 329, 383 N.E.2d at 181.) In essence, the court held that "the burden rests with the plaintiffs to allege sufficient relevant facts to describe the condition in order for the trial court to conclude that the condition exposes children to risks greater than those which normally attend their daily lives. This plaintiffs have failed to do." 73 Ill. 2d at 328, 383 N.E.2d at 181.

The court also held that the complaint failed to state a cause of action for wilful and wanton conduct. The court concluded that where plaintiffs' own complaint alleged that the ditch in question had been repaired in 1971, and further alleged that the work done on the ditch created the allegedly hazardous condition, the lack of any allegations of drownings or injuries related to children falling into the ditch was fatal to the wilful and wanton count. Without such allegations, the wilful and wanton misconduct count "merely realleges a cause of action in ordinary negligence, which, as we have discussed, cannot be sustained." 73 Ill. 2d at 330, 383 N.E.2d at 182.

We deem that the complaint in the case at bar suffers the same defect as that in *Corcoran v. Village of Libertyville*. The complaint failed to state a dangerous condition which prompted any anticipation of an unreasonable risk of harm to children and failed to allege knowl-

edge of incidents of such harm to raise a claim of mere negligence to the level of wilful and wanton misconduct.

In *Washington v. Chicago Board of Education* (1990), 204 Ill. App. 3d 1091, 562 N.E.2d 541, we affirmed the dismissal of a complaint for failure to state a cause of action for wilful and wanton misconduct. There we held the following allegations to be conclusory: (a) that certain acts were done wilfully and wantonly; (b) allegations that the condition at issue was unreasonably dangerous; and (c) allegations that the board of education "knew or should have known" of the dangerous condition. 204 Ill. App. 3d at 1094-95, 562 N.E.2d at 543-44.

The present complaint alleges that the defendants knew the athletic fields were "almost immediately adjacent" to each other and that students used them simultaneously and that some simultaneous use would involve older students on one field and younger students on another. The complaint then alleges that defendants knew or should have known that "students participating in games on one of said fields would be likely to run onto and near the adjacent field without being able to stop or avoid those persons because said students would be concentrating their attention on the sport being played."

In a similar vein, the complaint alleges that defendants knew or should have known that players run out of bounds and that sideline observers would not be able to see or be aware of the activities of those participating on the adjacent field. The complaint then repeats the six allegations of negligence from Count I, prefaced by the general assertion that defendants "were wilful and wanton in one or more of the following respects."

The assertion that the fields were "almost immediately adjacent" is conclusory. By comparison, the complaint in *Bowers v. Du Page County Regional Board of School Trustees District No. 4*, alleged that the rope ladder used there was 25 feet high. (183 Ill. App. 3d at 380, 539 N.E.2d at 255.) Plaintiff in the case at bar relies upon *Bowers* as an example of a sufficiently pled complaint and argues that his complaint is similarly sufficient. We disagree.

Plaintiff's complaint basically relates the fact that older and younger students simultaneously used two athletic fields which were "almost immediately adjacent" to each other and that an injury occurred when an older student ran out of bounds from one field onto another, injuring plaintiff, who was seated in the adjacent field, nearby. Most of the remainder of the complaint, in count II, relies on the conclusory "known or should have known" language, without specifying distances or dimensions. We are not told, for example, exactly where the plaintiff was sitting or where the participants on the two fields were play-

ing in relation to plaintiff's position. The six allegations in count II also contain the conclusory statement that "there was insufficient room" between the fields, and that the fields were otherwise not properly designed and maintained. The six allegations of wilful and wanton misconduct conclude by stating that the fields were designed so that students would be allowed or caused to run into the area of the adjacent field.

Where facts are alleged in the six allegations of wilful and wanton misconduct, they are simply insufficient to state a reckless disregard for the safety of others, let alone intentional misconduct. For example, one allegation states that there were no warning markings that students would run onto a field from an adjacent field; another allegation states that the fields were not separated or the students protected from collision; and a third allegation states that the defendants caused or allowed the older students to participate in sports near the younger students.

Even taking these factual allegations in a light most favorable to plaintiff, there is no basis for concluding that defendants knew of prior injury-producing collisions between students on the adjacent fields, or had had prior complaints of even minor collisions. There is no basis for concluding that the distance between the fields was a matter of yards, feet, or inches. There is nothing alleged that would support even an inference that there was anything about the proximity of the fields that would result in injury under normal class activities properly supervised. Indeed, the inference most readily drawn is that given proper supervision, there is nothing about the layout and design of the fields themselves that would contribute to collisions between students. These claims allege only negligence, at best. Therefore, the complaint fails to state a cause of action for wilful and wanton misconduct. See *Gara v. Lomonaco* (1990), 199 Ill. App. 3d 633, 638, 557 N.E.2d 483, 487 (affirming dismissal of a complaint for failure to state a cause of action against teachers at plaintiff's school where complaint failed to allege facts which rose to the level of wilful and wanton misconduct).

Accordingly, the judgment of the circuit court of Cook County is hereby affirmed.

Judgment affirmed.

HARTMAN and DiVITO, JJ., concur.